**ELECTRONICALLY FILED**
Sept. 9, 2019
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| KEITH REED, LISA DOLENCE, ELIZABETH SCHENKEL, EMILY WINES, AND MARK GARAN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALECTO HEALTHCARE SERVICES LLC, and ALECTO HEALTHCARE SERVICES WHEELING, LLC d/b/a OHIO VALLEY MEDICAL GROUP and d/b/a OVMC PHYSICIANS,<br><br>Defendants. | Civil Action No.:<br><br>Class Action   5:19-cv-263 Judge Stamp<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs Keith Reed, Lisa Dolence, Elizabeth Schenkel, Emily Wines, and Mark Garan, on behalf of themselves and a Class of similarly situated persons, by and through their attorneys, Stember Cohn & Davidson-Welling, LLC and Timothy Cogan of Cassidy, Cogan, Shapell & Voegelin, L.C., file this Complaint against Defendant Alecto Healthcare Services, LLC, (hereinafter "AHS") and Defendant Alecto Healthcare Services Wheeling, LLC d/b/a Ohio Valley Medical Group and d/b/a OVMC Physicians (hereinafter "AHSW") (collectively, "Defendants" or "Alecto"), for violations of the Worker Adjustment and Retraining Notification Act of 1988 (the "WARN Act"), 29 U.S.C. §§ 2101 *et seq.*, and in support, alleges the following:

**I. INTRODUCTION**

1.       Plaintiffs bring this class action under the WARN Act, 29 U.S.C. §§ 2101 *et seq.*

2.	As described below, before ceasing all operations on or about September 5, 2019, Defendants failed to provide notice to Plaintiffs and the Class as required by the WARN Act.

## II. THE PARTIES

3.	Defendant Alecto Healthcare Services, LLC ("AHS") is a Delaware Limited Liability Company ("LLC"), based in Irvine, California. AHS is owner and sole member of Alecto Healthcare Services Wheeling, LLC.

4.	In 2017, AHS formed Alecto Healthcare Services Wheeling, LLC ("AHSW"), a Delaware LLC with its principal office in Wheeling, West Virginia, in connection with AHS's acquisition of certain assets of Ohio Valley Health Services and Education Corporation ("OVHSE").

5.	Before the acquisition, OVHSE was the parent corporation of a Wheeling, West Virginia hospital known as Ohio Valley Medical Center ("OVMC").

6.	After acquisition, AHSW continued operating OVMC under the registered fictitious names of "Ohio Valley Medical Group" and "OVMC Physicians."

7.	On information and belief, AHSW was the agent of AHS and/or the two entities operated as an integrated enterprise and failed to provide Plaintiffs and Class Members with requisite notice under the Warn Act.

8.	Plaintiff Keith Reed ("Reed") is an adult residing in Allegheny County, Pennsylvania. Until OVMC operations ceased on or about September 5, 2019, Reed worked there as a Pharmacist.

9.	Plaintiff Lisa Dolence ("Dolence") is an adult residing in Belmont County, Ohio. Until OVMC operations ceased on or about September 5, 2019, Dolence worked there as a Pharmacy Buyer.

10. Plaintiff Elizabeth Schenkel ("Schenkel") is an adult residing in Ohio County, West Virginia. Until OVMC operations ceased on or about September 5, 2019, Schenkel worked there as a Registered Nurse.

11. Plaintiff Emily Wines ("Wines") is an adult residing in Belmont County, Ohio. Until OVMC operations ceased on or about September 5, 2019, Wines worked there as a Registered Nurse.

12. Plaintiff Mark Garan ("Garan") is an adult residing in Ohio County, West Virginia. Until OVMC operations ceased on or about September 5, 2019, Garan worked there as a Registered Nurse.

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiffs' WARN Act claims under 28 U.S.C. §§ 1331 and 1337.

14. Venue is proper in this District under 28 U.S.C. § 1392, as the acts that gave rise to these claims occurred within this District, and Defendants employed Plaintiffs in and regularly transacted business within this District. Venue is also proper under 29 U.S.C. § 2104(a)(5), which authorizes a civil action where a WARN Act violation occurred.

### IV. FACTS

15. On August 8, 2019, Defendants filed a notice with the West Virginia Dislocated Worker Unit, announcing that OVMC would cease operations on October 7, 2019, affecting over 700 employees. (A record of this Notice is attached as **Exhibit 1**.)

16. In a press release issued around the same date, Defendants announced that OVMC had begun closing its operations "after a thorough evaluation of all available operations, losses of

more than $37 Million over the past two years, and an exhaustive but unsuccessful search for a strategic partner or buyer." Defendants also noted that the "closure process for facilities like OVMC…typically takes 60 to 90 days." (A copy of the press release is attached as **Exhibit 2**.)

17. However, less than a month later, on September 3, 2019, Defendants suddenly announced that at 11:59 p.m. on September 4, 2019 OVMC would discontinue all acute and emergency medical services. (*See* Announcement attached as **Exhibit 3**.)

18. On September 3, 2019, Defendants told OVMC employees not to report after September 5, 2019 (except for a handful needed for a few days of packing/storing), and advised managers that most employees' work hours would be reduced to zero by September 6, 2019.

19. Defendants' discontinuation of OVMC operations as of September 5, 2019 was a "plant closing" under the WARN Act. 29 U.S.C. § 2101(a)(2).

20. The same actions by Defendants also caused "employment loss" under the WARN Act. 29 U.S.C. § 2101(a)(6).

21. Defendants failed to provide the more 700 affected employees with 60-days' written notice of OVMC's closing.

22. Defendants violated the WARN Act by terminating Plaintiffs and the Class without 60-days' notice.

### V. CLASS ACTION ALLEGATIONS

23. Plaintiffs bring Count I of this Complaint as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a Class consisting of:[1]

---

[1] Plaintiffs reserve the right to amend the Class definition if facts later emerge that warrant an amendment.

> All employees who worked at OVMC and were terminated and/or whose hours were reduced by more than 50%, on or within 60 days after September 3, 2019, without receiving 60 days written notice.

24. These claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a Fed. R. Civ. P. 23 class action.

25. The Class satisfies the numerosity standard of Fed. R. Civ. P. 23(a)(1), as it consists of hundreds of individuals, and joinder of all Class members in a single action is impracticable.

26. Questions of fact and law common to the Class predominate over questions affecting only individual members and include, without limitation, the following:

   a. Whether Defendants are an "employer" under the WARN Act;

   b. Whether Defendants comprise a "single employer" or "single enterprise" under applicable legal authority;

   c. Whether Defendants' discontinuation of OVMC operations was a "plant closing" under the WARN Act. 29 U.S.C. § 2101(a)(2);

   d. Whether Defendants' reduction of Class members' hours was a "termination" or other "employment loss" under the Warn Act;

   e. Whether Defendants terminated Class members without 60-days' written notice; and

   f. Whether any of the defenses under the Warn Act apply to Defendants' actions.

27. The above Class questions predominate over any questions affecting any individuals, and a class action is superior in consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of these claims.

28. Plaintiffs' claims are typical of the Class in that Plaintiffs and the Class were employed at OVMC, Defendants subjected them to same type of unlawful conduct, and their claims are based on the same legal theories.

29.     Plaintiffs will fairly and adequately represent Class interests. Plaintiffs are members of the Class they seek to represent; Plaintiffs' and Class' interests do not conflict; and Plaintiffs will vigorously pursue this litigation on behalf of themselves and the Class.

30.     Plaintiffs have retained qualified counsel with extensive experience prosecuting complex employment and employee benefit class actions, and who have sufficient resources to devote to this case.

31.     This Class is suitable for certification under Fed.R.Civ.P. 23(b)(1)(A), (b)(1)(B) and/or (b)(2). A class action is appropriate for fair and efficient adjudication of this controversy as Defendants have acted, or failed or refused to act, on grounds or in a manner generally applicable to the Class, and because prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for Defendants, and/or may substantially impede the ability of Class members to protect their interests.

32.     This Class is suitable for certification under Fed.R.Civ.P. 23(b)(3) because questions of law and fact common to the members of the Class predominate over individual questions and a class action is superior to other available methods for fair and efficient adjudication of this controversy.

33.     A class action is superior to other means for fair and efficient adjudication of this dispute since the damages suffered by individual Class members are not of sufficient magnitude to litigate cost-effectively on an individual basis, and no Class member has an interest in individually controlling the prosecution of this matter. Class action treatment will allow a large number of individuals to simultaneously pursue their claims efficiently, and is not likely to

present any manageability issues.  Further, individual cases are not preferable, as they would unnecessarily burden the courts and expend scarce judicial and party resources.

## COUNT I
### (Violation of the WARN Act, 29 U.S.C. §§ 2101 *et seq.*)

34. Plaintiffs incorporate all preceding allegations by reference.

35. Plaintiffs and putative Class members are "affected employees" under 29 U.S.C. § 2101(a)(5).

36. Defendants are "employers" under 29 U.S.C. § 2101(a)(1), since they employed 100 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of overtime.

37. Defendants ordered a "plant closing" under 29 U.S.C. § 2101(a)(3), causing "employment loss" to Plaintiffs and putative Class members under of 29 U.S.C. § 2101(a)(6).

38. Defendants failed to provide Plaintiffs and the Class with 60-days' written notice, as required by the WARN Act.

## VI.  PRAYER FOR RELIEF

WHEREFORE, on behalf of themselves and the Class, Plaintiffs request that the Court:

A. Assume jurisdiction of this case;

B. Declare, adjudge and decree that this action may be maintained as a class action under Fed. R. Civ. P. 23, certify Count I on behalf of the proposed Class, appoint the undersigned as Class Counsel, and approve Class notice;

C. Find and declare that Defendants violated the WARN Act;

D. Award Plaintiffs and the Class 60-days' back pay and benefits, in an amount to be determined at trial;

E. Award Plaintiff and the Class pre- and post-judgment interest, as authorized by law;

F. Award Plaintiff and the Class reasonable attorneys' fees and costs; and

G. Award any other relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all claims and/or issues so triable.

Respectfully submitted,

Dated: September 9, 2019

/s/ Timothy F. Cogan
Timothy F. Cogan, Esq. (WVSB# 764)
tfc@walslaw.com
**CASSIDY, COGAN, SHAPELL
 & VOEGELIN, L.C.**
The First State Capitol Building
1413 Eoff Street
Wheeling, WV 26003
T.: 304-232-8100
F.: 304-232-8200

Vincent J. Mersich, Esq. (PA ID No. 310971)
   (*pro hac vice application forthcoming*)
vmersich@stembercohn.com
Maureen Davidson-Welling, Esq. (PA ID No. 206751)
   (*pro hac vice application forthcoming*)
mdw@stembercohn.com
John Stember, Esq. (PA ID No. 23643)
   (*pro hac vice application forthcoming*)
jstember@stembercohn.com
**STEMBER COHN &
    DAVIDSON-WELLING, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA  15219
T.: (412) 338-1445
F.: (412) 338-1446

*Attorneys for Plaintiffs*