IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEITH REED, LISA DOLENCE,**
**ELIZABETH SCHENKEL, EMILY WINES,**
**AND MARK GARAN, CHRISTINA LUCAS, and**
**AUGUST ULLUM, individually and on**
behalf of others similarly situated,

    Plaintiffs,

v.                                            Civil Action No.: 5:19-cv-263
                                                  Judge Bailey

**ALECTO HEALTHCARE SERVICES LLC,**
**and ALECTO HEALTHCARE SERVICES**
**WHEELING, LLC d/b/a OHIO VALLEY**
**MEDICAL GROUP and d/b/a OVMC**
**PHYSICIANS,**

    Defendants.

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendants Alecto Healthcare Services LLC ("AHS") and Alecto Healthcare Services Wheeling LLC ("AHSW") (collectively, the "Defendants") hereby oppose "Plaintiffs' Motion to Compel Production of Documents" [CM/ECF Doc. No. 63] (the "Motion") because (a) the Defendants have already produced sufficient information to determine whether the members of AHS and AHSW are "common," (b) disclosing the names of AHS members (who are individual) would not aid in an assessment of common ownership, (c) the Plaintiffs refused the Defendants' offers to determine commonality of members through other reasonable methods of discovery that would not reveal the names of AHS' members, (d) sanctions are inappropriate as the Defendants are substantially justified in their position, and (e) the imposition of sanctions in these circumstances would be unjust.

1

## FACTS

Given the limited scope of the Motion, the Defendants offer a similarly limited recitation of the facts. Plaintiffs served the Defendants with a second set of requests for production of documents on March 8, 2021 ("Second Set of RFP"). The Second Set of RFP contained the request at issue in the Motion, which states in full:

> 2. All AHS board of directors and/or board committee meeting minutes, materials, attachments, resolutions, correspondence, and actions by consent concerning OVMC and/or AHSW from years 2017 through 2019.
>
> *See* Exhibit A.

The Defendants timely responded to this production request as follows:

> RESPONSE: AHSW has no responsive documents. AHS states its Board of Directors has no meeting minutes or resolutions, and directs Plaintiff to Bates Nos. 16572-16573 for a Written Consent dated February 1, 2019, which has redacted the names of AHS' owners and is produced subject to the Protective Order entered in this case. To the extent Production Request No. 2 seeks AHS's corporate or governing documents, AHS objects because it is overly broad and irrelevant to the parties' claims and defenses. This lawsuit arises solely from the closure of OVMC in 2019. However, this production request seeks any corporate document that merely "concerns" OVMC or AHSW. Corporate documents that merely "concern" OVMC or AHSW could have nothing to do with the closure of the hospital. This is particularly true, as the production request seeks documents over a two-year period preceding that closure. In fact, Production Request No. 2, in part, even predates AHSW's ownership of OVMC. Thus, even corporate documents related to formation of AHSW and/or its acquisition of OVMC in June 2017 may be responsive despite being wholly unrelated to unforeseen closure of the hospital some 2 years later. For these reasons, Production Request No. 2, as written, is overly broad and irrelevant to the parties' claims and defenses. AHS further objects to Production Request No. 2 in that it is unduly burdensome. As stated above, the request may seek documents from 2017 that concern the formation of AHSW and/or its acquisition of OVMC. The acquisition of OVMC was a particularly complex leaseback

> financing transaction that generated significant documentation and required voluminous correspondence to negotiate and effectuate (see asset purchase agreement at Bates Nos. 2022-2130 and associated recorded instruments at Bates Nos. 16574-16729 as examples of complexity). It would impose an undue burden on AHS to have to pull, review, and produce such a volume of documents and/or correspondence from 2017. Even more so, when such documents and/or correspondence are unrelated to the closure of the hospital in 2019—which is the subject matter of this lawsuit. Thus, Production Request No. 2 imposes an undue burden.

*See* Exhibit A.

By e-mail dated May 11, 2021, Plaintiffs alleged a discovery deficiency that AHS redacted the names of its members in the written consent it produced in response this production request at Bates Nos. 16572-16573. *See* Exhibit B. AHS took the deficiency allegation seriously. Its counsel immediately responded, stating they would review with AHS and get back to Plaintiffs' counsel, mindful of any deadline for a motion to compel. *See* Exhibit B. AHS then responded substantively via letter dated March 17, 2021. *See* Exhibit C. The parties participated in a conference call on May 18 to discuss potential amicable solutions. During that call, counsel for AHS offered other avenues for Plaintiffs to determine whether ownership of AHS and AHSW were common without revealing the names of AHS' members, including requests for admission. After additional discussion and deliberation, AHS reasonably decided to stand by its production and decision to redact the names of its members, and its counsel informed Plaintiffs' counsel of the same in an e-mail dated May 20. *See* Exhibit D. The Motion followed.

## LEGAL ARGUMENT

Plaintiffs claim they must know the names of the members of AHS in order to determine if it shares "common ownership" with AHSW. This is because the purported class (those individuals who worked at Ohio Valley Medical Center) were employed solely by AHSW. The

Plaintiffs are therefore attempting to hold AHS liable, despite not being the employer of the purported class, by claiming AHS and AHSW constitute a "single employer." The relevant WARN regulation on "single employer" status states:

> independent contractors and subsidiaries which are wholly or partially owned by a parent company are treated as separate employers or as a part of the parent or contracting company depending upon the degree of their independence from the parent. Some of the factors to be considered in making this determination are (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations. 20 C.F.R. § 639.3

As Plaintiffs concede, common ownership is the least important of these factors. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1005 (9th Cir. 2004).

    I.    <u>Sufficient Information on Corporate Structure Has Already Been Produced To Determine Whether AHS and AHSW Share Common Ownership</u>

As stated in the May 17 letter, the Defendants have produced sufficient information and documents to determine whether AHS and AHSW share common ownership. Despite Plaintiffs' claims of "twisted branches," the ownership structure of relevant entities is straightforward:



Per the Corporate Disclosure [CM/ECF Doc. 20], AHS disclosed that it is a Delaware limited liability company with seven members, all of whom are individuals or trusts benefitting individuals that are domiciled in either California or Texas. In the same document, AHSW disclosed that it is a Delaware limited liability company whose sole member is Alecto Healthcare Services Ohio Valley LLC ("AHSOV"). The membership of AHSOV has also been established through discovery and subpoena responses to be AHS (80%) and MPT of Wheeling-Alecto Hospital, LLC (20%). Additionally, AHSW and AHSOV have produced their operating agreements (Bates Nos. 16449-16526 & 2212-2226), certificates of formation (Bates Nos. 2184-2188 & 16764-16768), and written consents (Bates Nos. 16527-16532, 16542-16571) that confirm their membership.

Taken together, this is sufficient information to determine that the owners of AHS and AHSW are uncommon. The common ownership factor asks "whether a parent or related entity directly owns a separate corporate entity." *Butler v. Fluor Corp.,* No. 0:17-CV-02094-JMC, 2021 WL 51412, at *7 (D.S.C. Jan. 6, 2021); *Guippone v. BH S & B Holdings LLC*, No. 09-CV-1029-CM, 2010 WL 2077189, at *4 (S.D.N.Y. May 18, 2010). Taking the information already at hand, the uncommon ownership of AHS and AHSW can be established because:

- AHS is owned by individuals (or trusts to individuals' benefit) while AHSW is owned by an LLC;

- AHS does not directly own AHSW because AHSW's sole member is AHSOV, an intervening non-litigant against whom Plaintiffs have made no claims;

- AHSW is also not a "partially or wholly owned subsidiary" of AHS as referenced in the WARN regulation 20 C.F.R. § 639.3 because AHSW's sole member is AHSOV;

- the completely unrelated entity of MPT of Wheeling-Alecto Hospital, LLC holds a 20% membership interest in ASHOV, demonstrating the various corporate entities are not solely owned by the seven members of AHS; and

- AHS, itself, is merely the grandparent of AHSW, making the individual members of AHS the great-grandparents of AHSW. *See, e.g., Vogt v. Greenmarine Holding, LLC,* 318 F. Supp. 2d 136, 142 (S.D.N.Y. 2004) ("Because the other defendant [investment] companies are at best grandparents of OMC, plaintiffs have not alleged "common ownership" as to those companies").

Given the information and documentation already in Plaintiffs' possession, Plaintiffs do not need the names of AHS' members to assess common ownership between AHSW and AHS. Because this assessment can be done with information already available to the parties, there is no need for the members of AHS to have their identities (and, as an inevitable result, their financial information) revealed in this litigation. Such information is accordingly rendered overly broad and irrelevant to the parties' claims and defenses. The Motion should therefore be denied.

II. Disclosing The Names Of AHS Members Will Not Actually Aid An Assessment Of Common Ownership Between AHS And ASHW

Plaintiffs' claim they need to know the names of AHS members to assess common ownership between AHS and AHSW, but do not explain how having those names would enable them to do so. In this particular situation, and this particular ownership structure, disclosing the names of AHS members will <u>not</u> aid an assessment of common ownership. A review of the undisputed ownership structure above begs this common sense question: if Plaintiffs have the names of AHS' members, what can they actually do with them to establish common ownership? Put another way, who can Plaintiffs compare the AHS' members' names to in order to prove commonality? The two remaining relevant entities (AHSOV and AHSW) both have LLCs for members (i.e. no individual names), and MPT of Wheeling-Alecto Hospital, LLC is an unaffiliated third party non-litigant. In short, knowing that John Doe is a member of AHS does not aid in the assessment, because the only other individuals (not LLCs) with which to compare John Doe to are his fellow members of AHS. Because of the ownership structure, the names of AHS' members

6

would not aid in the assessment of common ownership of AHS and AHSW. As conceded by the Plaintiffs in the motion, the reason they need the names of AHS members is for the common ownership factor of the single employer liability test. If disclosing the names of the AHS members does not aid in that common ownership analysis, then such names are irrelevant to the parties' claims and defenses, and unneeded. The Motion should accordingly be denied.

### III. A Sanctions Award is Not Appropriate as AHS was Substantially Justified

The Plaintiffs also seek monetary sanctions. Rule 37 of the Federal Rules of Civil Procedure states that a court "must not order" an award of sanctions when "the opposing party's nondisclosure, response, or objection was substantially justified." Conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. *Burkett ex rel. Est. of Burkett v. AIG Claim Servs., Inc.*, 244 F.R.D. 328, 331 (N.D.W. Va. 2005), *aff'd sub nom. Burkett v. AIG Claim Servs., Inc.*, No. 3:03-CV-1, 2007 WL 9734152 (N.D.W. Va. July 16, 2007).

Here, AHS was substantially justified in redacting the names of its members. First, the request at issue (No. 2 in Plaintiffs' Second Set of RFP) does not expressly seek the production of documents identifying AHS members, as Plaintiffs' suggest in the Motion. Instead, Production Request No. 2 sought a broad swath of corporate documents ("meeting minutes, materials, attachments, resolutions, correspondence, and actions by consent") that were "concerning OVMC and/or AHSW from years 2017 through 2019." *See* Exhibit A. Given the discovery request, as written, centered on the hospital and AHSW—and not AHS membership—AHS redacted its members' names. This is reasonable interpretation of the request.

7

Second, AHS provided an appropriate written response. It informed Plaintiffs that it had redacted owners' names and provided detailed objections to the production of additional corporate documents. *See* Exhibit A. This fulfills its obligation under the Federal Rules of Civil Procedure. Third, when Plaintiffs raised a discovery deficiency based on the redaction, AHS took it seriously and engaged in good faith negotiations to attempt to settle it without Court intervention. It re-evaluated its discovery responses, outlined its position in a letter and a conference call, and gave Plaintiffs a final response in time for them to file this Motion. *See* Exhibits C and D.

Fourth, AHS' arguments that (a) there is sufficient information already produced to determine common ownership, and (b) disclosing AHS member names will not aid that determination, are both reasonable and based on the supporting corporate documentation. Importantly, the crux of AHS' argument was described in the May 17 letter to Plaintiffs, and referenced the supporting information and documents (identified by Bates Number). *See* Exhibit B. Plaintiffs' simply disagree.

Taken together, there is a genuine dispute whether as to the utility and relevance of AHS' members names when determining its common ownership with AHSW. AHS' position and conduct in responding to Production Request No. 2 in the Second Set of RPD has been substantially justified. As a result, sanctions must not be imposed under Rule 37.

IV.     <u>Imposition of Sanctions In These Circumstances Is Unjust</u>

Rule 37 also holds that a court "must not order" an award of sanctions when "other circumstances make an award of expenses unjust." Here, it would be unjust to sanction AHS or the Defendants for two reasons. First, AHS offered to answer other discovery that would determine commonality of AHS' and AHSW' owners or officers that do not require divulging AHS'

members' names. In particular, AHS offered to respond to detailed request for admission regarding common ownership (i.e. "admit that any member of AHS is also an owner of AHSW" or "admit that any member of AHS is also an officer of AHSW"). This offer was made during the May 18 conference call and again in writing in counsel's May 19 e-mail. *See* Exhibit D. This alternative would have provided Plaintiffs with the information it needed (i.e. commonality of ownership) while alleviating AHS of its objections to disclosure of member names. It was low cost, equally effective, and could be easily achieved given the discovery deadline in this matter. Plaintiffs, in fact, had already served Requests for Admission in this case. The Plaintiffs rejected this offer, however, and insist on un-redacted names of AHS' members. Because AHS offered an equally effective alternative, which was ultimately rejected, it would be unjust to sanction it.

Second, the Defendants have worked hard to resolve the dozens of different discovery deficiencies raised by Plaintiffs in this matter. They have supplemented production and interrogatory responses multiple times, provided detailed letters regarding its positions, described what documents (identified by Bates Numbers) supported their positions, explained how or why it responded a certain way to discovery requests, and clarified information contained in documents they had produced. The letter and e-mails attached hereto demonstrates only a small number of the discovery disputes already addressed in this case. *See* Exhibits B, C & D. Because of the parties' collaborative efforts, all but this one discovery dispute has been amicably resolved without Court intervention. Given the long and successful history of working out discovery disputes between the parties, it would be unjust to sanction AHS or the Defendants because they could resolve every single one.

CONCLUSION

For the reasons stated herein, the Motion should be denied and no sanctions imposed on the Defendants.

**ALECTO HEALTHCARE SERVICES LLC and ALECTO HEALTHCARE SERVICES WHEELING LLC**

By Counsel,

**SPILMAN THOMAS & BATTLE, PLLC**

/s/ Kevin L. Carr
Kevin L. Carr (WV Bar # 6872)
Chelsea E. Thompson (WV Bar #12565)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
Telephone: 304.340.3800
Fax: 304.340.3801
E-mail: kcarr@spilmanlaw.com
E-mail: cthompson@spilmanlaw.com

Michael S. Garrison (WV Bar # 7161)
48 Donley Street, Suite 800 (Zip: 26501)
P. O. Box 615
Morgantown, WV 06507-0615
Telephone: 304.291.7920
Fax: 304.291.7979
E-mail: mgarrison@spilmanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KEITH REED, LISA DOLENCE,
ELIZABETH SCHENKEL, EMILY WINES,
AND MARK GARAN, CHRISTINA LUCAS, and
AUGUST ULLUM, individually and on
behalf of others similarly situated,**

       Plaintiffs,

v.                                    Civil Action No.: 5:19-cv-263
                                        Judge Bailey

**ALECTO HEALTHCARE SERVICES LLC,
and ALECTO HEALTHCARE SERVICES
WHEELING, LLC d/b/a OHIO VALLEY
MEDICAL GROUP and d/b/a OVMC
PHYSICIANS,**

       Defendants.

## CERTIFICATE OF SERVICE

       I, Kevin L. Carr, certify that, on May 25, 2021, I electronically filed the "***Defendants' Response In Opposition to Plaintiffs' Motion to Compel***" with the Clerk of the Court using the CM/ECF system, which will send electronic notification of this filing to all counsel of record as follows:

Timothy F. Cogan, Esquire
tfc@walslaw.com
Cassidy, Cogan, Shapell & Voegelin, L.C.
The First State Capitol Building
1413 Eoff Street
Wheeling, WV  26003

Aubrey Sparks, Esquire
aubrey@ourfuturewv.org
Bren Pomponio, Esquire
bren@msjlaw.org
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV  25301

Vincent J. Mersich, Esquire
vmersich@stembercohn.com
Maureen Davidson-Welling, Esquire
mdw@stembercohn.com
John Stember, Esquire
jstember@stembercohn.com
Stember Cohn & Davidson-Welling, LLC
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA  15219

F. Alex Risovich, Esquire
alex.risovich@risovichlaw.com
Risovich Law Offices, PLLC
3023 Pennsylvania Avenue
Weirton, WV  26062

                                                  /s/Kevin L. Carr
                                                  Kevin L. Carr (WV State Bar # 6872)