IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| KEITH REED, LISA DOLENCE, ELIZABETH SCHENKEL, EMILY WINES, MARK GARAN, CHRISTINA LUCAS, and AUGUST ULLUM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALECTO HEALTHCARE SERVICES LLC, and ALECTO HEALTHCARE SERVICES WHEELING, LLC d/b/a OHIO VALLEY MEDICAL GROUP and d/b/a OVMC PHYSICIANS,<br><br>Defendants. | Case No. 5:19-cv-00263-JPB<br><br>Judge John Preston Bailey<br><br>CLASS ACTION |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March 2021, a copy of **PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS** was served via email upon counsel of record as follows:

| | |
|---|---|
| Kevin L. Carr, Esq.<br>Chelsea E. Thompson, Esq.<br>Spilman Thomas & Battle, PLLC<br>300 Kanawha Boulevard, East<br>Charleston, WV 25301<br>kcarr@spilmanlaw.com;<br>cthompson@spilmanlaw.com | Michael S. Garrison, Esq.<br>Spilman Thomas & Battle, PLLC<br>48 Donley Street, Suite 800<br>PO Box 615<br>Morgantown, WV 06507-0615<br>mgarrison@spilmanlaw.com |

EXHIBIT A

Respectfully submitted,

/s/Timothy F. Cogan

| | |
|---|---|
| Aubrey Sparks, Esq. (WV #13469) | Timothy F. Cogan, Esq. (WVSB# 764) |
| Aubrey@ourfuturewv.org | tfc@walslaw.com |
| Bren Pomponio, Esq. (WV # 7774) | **Cassidy, Cogan, Shapell & Voegelin, LC** |
| bren@msjlaw.org | The First State Capitol Building |
| **Mountain State Justice, Inc.** | 1413 Eoff Street |
| 1217 Quarrier Street | Wheeling, WV 26003 |
| Charleston, WV 25301 | T.: (304) 232-8100 |
| T.: (304) 344-3144 | F.: (304) 232-8200 |
| F.: (304) 344-3145 | |

Vincent J. Mersich, Esq. (*pro hac vice*)
vmersich@stembercohn.com

F. Alex Risovich, Esq. (WV Bar ID# 10866)
alex.risovich@risovichlaw.com
Maureen Davidson-Welling, Esq. (*pro hac vice*)
**Risovich Law Offices, PLLC**
mdw@stembercohn.com
3023 Pennsylvania Avenue
John Stember, Esq. (*pro hac vice*)
Weirton, WV 26062
jstember@stembercohn.com
T.: (304)723-2588
**Stember Cohn & Davidson-Welling, LLC**
F.: (304)723-2504
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
T.: (412) 338-1445
F.: (412) 338-1446

*Attorneys for Plaintiffs*

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **KEITH REED, LISA DOLENCE, ELIZABETH SCHENKEL, EMILY WINES, MARK GARAN, CHRISTINA LUCAS, and AUGUST ULLUM, individually and on behalf of others similarly situated,** | Civil Action No.: 5:19-cv-263<br><br>Judge John Preston Bailey |
| **Plaintiffs,** | CLASS ACTION |
| v. | |
| **ALECTO HEALTHCARE SERVICES LLC, and ALECTO HEALTHCARE SERVICES WHEELING, LLC d/b/a OHIO VALLEY MEDICAL GROUP and d/b/a OVMC PHYSICIANS,** | |
| **Defendants.** | |

### DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

Defendants Alecto Healthcare Services LLC ("AHS") and Alecto Healthcare Services Wheeling LLC ("AHSW") (collectively, the "Defendants") respond to "Plaintiffs' Second Request for Production of Documents Directed to Defendants" as follows.

The Defendants' responses herein are made to the best of their knowledge at this time, based upon the investigation to date. The Defendants specifically reserve the right to supplement the responses herein.

PRODUCTION REQUESTS

1. Documents showing the identities of the member(s) of the board(s) of directors of AHS, AHSOV, and AHSW during the period January 1, 2017 through December 31, 2019. If any of these entities had no board of directors during this period, so state.

EXHIBIT A

**RESPONSE:** AHSW states it has no board of directors. AHS states that AHSOV has no board of directors. AHS has a board of directors comprised of:

- 1/1/2017 - 1/31/2017: Lex Reddy, Roger Krissman, Panch Jeyakumar
- 2/1/2017 - 7/31/2019: Lex Reddy, Roger Krissman, Michael Sarrao
- 8/1/2019 - now: Lex Reddy, Michael Sarrao

See Bates Nos. 16572-16573 for a Written Consent by AHS dated February 1, 2019, which has redacted the names of AHS' owners and is produced subject to the Protective Order entered in this case.

2. All AHS board of directors and/or board committee meeting minutes, materials, attachments, resolutions, correspondence, and actions by consent concerning OVMC and/or AHSW from years 2017 through 2019.

**RESPONSE:** AHSW has no responsive documents. AHS states its Board of Directors has no meeting minutes or resolutions, and directs Plaintiff to Bates Nos. 16572-16573 for a Written Consent dated February 1, 2019, which has redacted the names of AHS' owners and is produced subject to the Protective Order entered in this case.

To the extent Production Request No. 2 seeks AHS's corporate or governing documents, AHS objects because it is overly broad and irrelevant to the parties' claims and defenses. This lawsuit arises solely from the closure of OVMC in 2019. However, this production request seeks any corporate document that merely "concerns" OVMC or AHSW. Corporate documents that merely "concern" OVMC or AHSW could have nothing to do with the closure of the hospital. This is particularly true, as the production request seeks documents over a two-year period preceding that closure. In fact, Production Request No. 2, in part, even predates AHSW's ownership of

2

EXHIBIT A

OVMC. Thus, even corporate documents related to formation of AHSW and/or its acquisition of OVMC in June 2017 may be responsive despite being wholly unrelated to unforeseen closure of the hospital some 2 years later. For these reasons, Production Request No. 2, as written, is overly broad and irrelevant to the parties' claims and defenses.

AHS further objects to Production Request No. 2 in that it is unduly burdensome. As stated above, the request may seek documents from 2017 that concern the formation of AHSW and/or its acquisition of OVMC. The acquisition of OVMC was a particularly complex leaseback financing transaction that generated significant documentation and required voluminous correspondence to negotiate and effectuate (see asset purchase agreement at Bates Nos. 2022-2130 and associated recorded instruments at Bates Nos. 16574-16729 as examples of complexity). It would impose an undue burden on AHS to have to pull, review, and produce such a volume of documents and/or correspondence from 2017. Even more so, when such documents and/or correspondence are unrelated to the closure of the hospital in 2019—which is the subject matter of this lawsuit. Thus, Production Request No. 2 imposes an undue burden.

3. All AHSOV board of directors and/or board committee minutes, materials, attachments, resolutions, correspondence, and actions by consent concerning OVMC and/or AHSW from years 2017 through 2019.

**RESPONSE:** The Defendants state that AHSOV has no board of directors, and directs Plaintiffs to the written consents executed by AHSOV's General Manager, Alecto Healthcare Services LLC, at Bates Nos. 16527-16529, 16542-16545 & 16550-16560, which are produced subject to the Protective Order entered in this case. AHSW has no responsive documents.

3

EXHIBIT A

4. AHSOV's operating agreement(s) in effect at any time from January 13, 2017 through December 31, 2019.

**RESPONSE:** AHS directs Plaintiff to Bates Nos. 16449-16526, for the operating agreement of AHSOV, which is produced subject to the Protective Order entered in this case. AHSW has no responsive documents.

5. Annual and quarterly/monthly financial statements (including income statements, cash flow statements, and bank and credit line statements) reflecting AHS' income, assets, liabilities, gross and net profits, and available credit, in years 2017 through present.

**RESPONSE:** AHSW has no responsive documents. AHS objects on multiple grounds.

First, AHS objects to Production Request No. 5 because is overly broad. AHS has varied business interests that are incorporated into its financial statements. The request, however, purposefully seeks all types of financial statements, regardless of the source of the underlying information. The request lacks any reasonable parameters, like:

- Geography (only the West Virginia hospital is at issue, and AHS has businesses in other states);
- Applicable hospitals (only OVMC is at issue, and AHS has interests in other hospitals);
- Subject matter (only the closure of OVMC is at issue, but there is no limit to information related to its operation or closure); or

- Time (it seeks information from 6 months before AHSW even owned OVMC, through the 2 years ASHW operated OVMC, and then another 2.5 years after OVMC closed).

As a result, the "income, assets, liabilities, gross and net profits, and available credit" information contained in responsive financial statements would be largely attributable to AHS' business interests wholly unrelated to OVMC. Overall, there is nothing tethering the request to the issues of this case, namely whether WARN notice was provided to employees for the closure of OVMC. Instead, the request appears to be an impermissible fishing expedition into the entirety of AHS' financial information, regardless of the source of those finances. For this reason, the request is facially overbroad.

For similar reasons, AHS objects that Request No. 5 is irrelevant to the parties' claims and defenses. The Plaintiffs' claim arises from the closure of OVMC. AHS does not own OVMC. AHS did not employ any person at OVMC. AHS did not manage OVMC's day-to-day operations. Instead, OVMC has been owned by AHSW since June 1, 2017 (see asset purchase agreement at Bates Nos. 2022-2130 and associated recorded instruments at 16574-16729). AHSW, in turn, is wholly owned by Alecto Healthcare Services Ohio Valley LLC per its operating agreement (Bates Nos. 2212-2226). And AHSOV is partially owned by AHS per its operating agreement (Bates Nos. 16449-16526). There are consequently several intervening entities between OVMC and AHS. This is in addition to the physical distance between OVMC and AHSW here in West Virginia and AHS in California. Thus, there is significant distance (both structurally and geographically) between the businesses of OVMC and AHS. Because of this distance, OVMC could constitute, at most, a very small portion of AHS' overall business. Alecto's other, unrelated business enterprises (which differ in both geography and industry), combined with the fact that this production request is not

limited to OVMC in any way, means that the vast majority—if not all—of the financial information sought herein is inapplicable to OVMC, AHSW, or this case. In fact, the financial information sought in this production request is largely reflective of AHS' other business interests. For this reason, the request extends well beyond the single WARN claim that is pled in this case and seeks information irrelevant to the parties' claims and defenses.

Third, AHS objects to the extent Request No. 5 seeks trade secrets. By requesting information on AHS' banking, available credit, assets, liabilities, etc., Plaintiffs are expressly seeking propriety and trade-sensitive information. AHS is not a publically traded company, and guards such financial information from public disclosure. AHS may use such confidential financial information to make budgets, assess commercial opportunities, and make future business decisions. Therefore, AHS derives value from its competitors not having access to such financial information. Thus, AHS objects to the production of its most private financial information. *See, e.g., Moore v. Ferguson*, No. 2:15-CV-04531, 2015 WL 9587748, at *5 (S.D.W. Va. Dec. 30, 2015) (noting that "commercial financial information" is often found to be confidential commercial information entitled to protection under Rule 26(c)(1)(G)");

Fourth, AHS objects to the extent Request No. 5 impermissibly intrudes on the privacy of third party non-litigants. As noted in its corporate disclosure [CM/ECF Doc No. 20], AHS is owned by several individuals who are residents of other states. None of these individuals have been named in this lawsuit. Releasing financial information for AHS, however, necessarily also reveals the financial information of these owners, who are third party non-litigants entitled to privacy. *See*, *e.g.*, *State ex rel. W. Virginia Fire & Cas. Co. v. Karl*, 202 W. Va. 471, 476, 505 S.E.2d 210, 215 (1998) (Noting "we must be cognizant of the privacy rights of non-litigant third parties" in discovery).

Fifth, AHS objects to Request No. 5 as it imposes an undue burden. Given the breadth of financial information sought, and that it spans several years, there could be a large volume of responsive documents. This is particularly true given there are no reasonable parameters. AHS has multiple businesses, and for each, there could be countless "financial statement" documents containing responsive information, ranging from routine bank statements to annual tax returns. As a result, Request No. 5 could capture a large amount of potentially responsive documents. Producing documents responsive to Request No. 5, as written, would require considerable time, man power, and expense, and may have adverse commercial consequences when AHS' sensitive financial materials are disclosed. Such burdens outweigh the little information in such a production that is actually related to OVMC (see the objections to breadth and irrelevancy above). For these reasons, Request No. 5 imposes an undue burden.

Sixth, and finally, Alecto objects to the extent Request No. 5 seeks privileged information. Documents analyzing or estimating "financial statements" may be created by counsel in preparation for litigation, or constitute legal advice, and therefore may fall within the bounds of the attorney/client privilege or work product doctrine. No documents are currently being withheld on this basis, however.

6. All financial analyses from 2017 through August 8, 2019 of AHSW, AHSOV and/or OVMC's profits or losses, and/or how much capital was needed to keep OVMC in operation.

**RESPONSE:** The Defendants respond as follows:

- AHSW directs Plaintiffs to Bates No. 2132-2183, & 14343-14757 for statements for all bank accounts it held for OVMC and/or EORH;

7

EXHIBIT A

- AHS directs Plaintiffs to Bates Nos. 2131 and 2189 for a Consolidated Balance Sheet and Income Statement (2017-2019) for Alecto Healthcare Services Ohio Valley LLC, which incorporates the financials of AHSW;

- AHS directs Plaintiffs to Bates Nos. 2227-2183, 14197-14323 &16013-16141 for tax returns (2017-2019) of Alecto Healthcare Services Ohio Valley LLC, which incorporates the financials of AHSW;

- AHSW directs Plaintiffs to Bates No. 14324 for an AP Report for OVMC, which is produced subject to the Protective Order entered in this case;

- AHSW produces Bates Nos. 16142-16429 which is the application for a certificate of need filed with the West Virginia Healthcare Authority when it purchased OVMC, which is produced subject to the Protective Order entered in this case.

7. If AHS, AHSOV and/or AHSW sought or obtained capital or financing for OVMC from any source in 2019, produce all documents showing the amount of the funds sought, obtained, and what the funds were spent on.

**RESPONSE:** The Defendants state: none. All requests for capital or financing were made verbally and informally. See Defendants' response to Interrogatory No. 7 in "Defendants' Responses to Plaintiffs' First Set of Interrogatories."

8. The sale/leaseback agreement(s), and all related agreements, through which MPT acquired OVMC real estate assets and a percentage ownership interest in AHS or its direct or indirect subsidiary(ies) in 2017.

**RESPONSE:** See the following:

- the Defendants produce the asset purchase agreement at Bates Nos. 2022-2130, which is produced subject to the Protective Order entered in the case;

- AHSW produces its Amended and Restated Operating Agreement, Certificate of Formation, and Amended Certificates of Formation at Bates Nos. 2184-2188 and 2212-2226 which are produced subject to the Protective Order entered in the case;;

- AHS produces the Amended and Restated Operating Agreement for AHSOV at Bates Nos. 16449-16526; and

- AHSW produces recorded instruments (deeds, assignment of rent, etc.) associated with the leaseback transaction at Bates Nos. 16574-16729.

9. All documents reflecting communications between AHS, AHSOV, and/or AHSW or its/their agents, on the one hand, and MPT or its agents on the other, concerning OVMC's financial situation and/or layoffs at OVMC and/or closure or potential closure of OVMC or portions of OVMC from 2019.

**RESPONSE:** AHSW and AHS object to Request No. 9 on multiple grounds.

First, AHSW and AHS object that the request is confusing as written. It is unclear whether the 2019 date is a temporal limitation (i.e. only communications made in 2019) or it references the year in which OVMC closed (i.e. communications concerning OVMC closure which occurred in 2019). The term "financial situation" is also vague, and may refer to any document that contains a dollar figure. Thus, AHSW and AHS cannot determine what documents Plaintiffs seek.

Second, AHSW and AHS objects that Request No. 9 is overly broad. It appears to have no temporal limit, and certainly has no custodial limit—it seeks communications from any of AHSW's hundreds of employees at OVMC and dozen at AHS. The Request also lacks a reasonable

9

EXHIBIT A

topical limit, given that it seeks communications merely "related" to OVMC's "financial situation." There are no key words, search terms, or. Given the broadness and vagueness of this term, the Request could capture a wide variety of documents, ranging from documents on the hospital's failing finances in 2017 before AHSW purchased the hospital, to routine vendor invoices or bank account statements. This, combined with the lack of a clear temporal limit, renders the Request overly broad.

 Third, AHS objects that Request No. 9 is irrelevant the parties' claims and defenses. In short, Medical Properties Trust, Inc. has no role in this litigation. The Plaintiffs' WARN claim can only be made against the Plaintiffs' employer, which is AHSW. Medical Properties Trust, Inc. never employed anyone at OVMC. It never owned or operated OVMC. As shown by the relevant operating agreements (Bates Nos. 16449-16526 & 2212-2226) and corporate disclosure (CM/ECF Doc. No. 20), Medical Properties Trust, Inc. holds no interest in AHSW, AHSOV, or AHS. Medical Properties Trust, Inc. was not a party to the asset purchase agreement by which AHSW purchased OVMC (Bates Nos. 2022-2130), or any of the deeds, leases, or assignments of rent that accompanied that purchase (Bates Nos. 16574-16729). As shown by the written consents produced herein (Bates Nos. 16527-16532 & 16542-16573), Medical Properties Trust, Inc. was not even a party to the loan agreements benefitting AHSW. Overall, Medical Properties Trust, Inc. is very distant from the topic of this litigation, which is whether the employer provided sufficient notice to employees about pending closure of a hospital. Given this distance, the production of communications between Medical Properties Trust, Inc. and any other entity is irrelevant to the parties' claims and defenses.

 Finally, AHSW and AHS object that the Request imposes an undue burden. The Request does not identify particular individuals or custodians for communications; instead, it seeks any

EXHIBIT A

person from three different entities who may have communicated with Medical Property Trust, Inc. As shown in the employee list (Bates No. 14758) and organization charts (Bates Nos. 2019-2021), AHSW employed hundreds and AHS employs dozens.  To have to search all of the communications that originated from these hundreds of people imposes an undue burden, particularly when the other side of the communications is similarly unfettered (literally any person at Medical Property Trust, Inc.). This burden is only increased by the fact that the Request lacks reasonable temporal or subject matter limits.

10. All versions of the closure timeline document at DEFENDANTS_8 through DEFENDANTS_11 (including later versions, and drafts), in native format with metadata intact.

**RESPONSE:** See Bates Nos. 16538-16541 for the closure timeline for OVMC and Bates Nos. 16533-16537 for the applicable letter. The Defendants state there were no later drafts of the closure timeline or letter.

To the extent Request No. 10 seeks additional production or information, the Defendants object to the extent it seeks documents protected by the attorney client privilege and/or the work product doctrine. Past drafts of the closure timeline for OVMC were drafted by counsel in anticipation of litigation, and/or were created to provide legal advice to a client regarding closure. As shown in Bates Nos. 16538-16541, the document include legal advice regarding publication and notice requirements, agencies or divisions that require notice, which patients required notice, and how medical records were to be handled. Subject to and notwithstanding said objections, the Defendants state: none at this time, and no documents are being withheld on the basis of privilege.

11. All emails or other correspondence from Michael Serrao attaching or referencing the closure timeline at DEFENDANTS_8 or any earlier or later versions of the closure timeline.

**RESPONSE:** See Bates Nos. 16538-16541 for the closure timeline for OVMC, Bates Nos. 16533-16537 for the applicable letter, and Bates Nos. 8503-8510 for applicable e-mails.

12. The subordination of management agreement referenced at DEFENDANTS_2203.

**RESPONSE:** See Bates Nos. 16572-16573, which has redacted the names of the owners of AHS and is produced subject to the Protective Order entered in this case.

13. All invoices and documents reflecting all amounts paid by AHSW to AHS for its expenses and services as "manager" of OVMC in 2017 through 2019.

**RESPONSE:** None. The Defendants state that AHSW paid no money to AHS under the Management Services Agreement effective June 1, 2017.

14. Documents sufficient to show the identity of the "General Manager" and "Special Manager" referred to in AHSW's 2017 amended and restated operating agreement.

**RESPONSE:** The Defendants refer Plaintiff to Bates Nos. 16530-16532, 16546-16549, & 16561-16571 for written consents executed by AHSW's General Manager and Special Manager Alecto Healthcare Services Ohio Valley LLC.

15. All documents reflecting advice, guidance, direction, and/or other communications between any AHS representative on behalf of AHS as "Manager" under the 2017 Management

12

Services Agreement, and any "member representative" concerning OVMC's financing, profitability or financial condition, reducing costs, elimination of positions, or potential or actual closure of all or part of OVMC.

**RESPONSE:** None.

16. All documents concerning or evidencing the grant of authority/approval to AHS, in accordance with the 2017 Management Services Agreement, to implement any "major decisions" with respect to OVMC in 2017 through 2019.

**RESPONSE:** None.

17. All minutes of any OVMC advisory board meetings from 2019 concerning OVMC's financial situation, layoffs, or closure of departments or the facilities.

**RESPONSE:** None, as OVMC did not have an advisory board. ASHW acted through its General Manager and Special Manager Alecto Healthcare Services Ohio Valley LLC. AHSW produces written consents at Bates Nos. 16530-16532, 16546-16549, & 16561-16571. AHS has no responsive documents.

18. The documentation submitted by Defendant(s) or their agent(s) to the West Virginia Healthcare Authority in 2017 to establish that OVMC was "financially distressed".

**RESPONSE:** See Bates Nos. 16142-16429 for the application for certificate of need, which is produced subject to the Protective Order entered in this case.

19. All documents you consulted or relied on to answer any interrogatory in this case.

EXHIBIT A

**RESPONSE:** The Defendants refer Plaintiffs to all previously produced documents.

20. All documents you identified or referred to in your answer to any interrogatory in this case.

**RESPONSE:** The Defendants refer Plaintiffs to all previously produced documents.

21. All documents you received in response to any subpoena or document request made in connection with this case.

**RESPONSE:** None.

22. All documents you intend to use in any hearing, deposition, or trial in this case.

**RESPONSE:** The Defendants have not yet determined what documents they intend to use in a hearing, deposition, or at trial.

23. All documents relied on by, or relating to the qualifications or expert opinions of, any expert retained or offered as a witness to testify on behalf of Defendant(s) in this case.

**RESPONSE:** The Defendants have not yet determined what expert witnesses, if any, they intend to offer.

24. To the extent not already produced, all documents related to Plaintiffs' claims or your defense(s) asserted in this case.

**RESPONSE:** The Defendants refer Plaintiffs to the 2018 tax returns of Alecto Healthcare Services Ohio Valley LLC (Bates Nos. 16013-16141), letters to local and elected officials (Bates

Nos. 16430-16440 & 16447-16448), and handout regarding sale of OVMC (Bates Nos. 16441-16446) which were inadvertently omitted from prior productions. The Defendants state their intention to reasonably supplement its responses to "Plaintiffs' Request for Production of Documents Directed to Defendants Alecto Healthcare Services LLC and Alecto Healthcare Services Wheeling LLC" to account for the production of these documents.

        **ALECTO HEALTHCARE SERVICES LLC** and **ALECTO HEALTHCARE SERVICES WHEELING, LLC**

        By Counsel,

        **SPILMAN THOMAS & BATTLE, PLLC**

        /s/ Kevin L. Carr
        Kevin L. Carr (WV State Bar # 6872)
        Chelsea E. Thompson (WV State Bar #12565)
        Spilman Thomas & Battle, PLLC
        300 Kanawha Boulevard, East
        Charleston, WV 25301
        Telephone: 304.340.3800
        Fax: 304.340.3801
        Email: kcarr@spilmanlaw.com

        Michael S. Garrison (WV State Bar # 7161)
        48 Donley Street, Suite 800 (Zip: 26501)
        P.O. Box 615
        Morgantown, WV 06507-0615
        Telephone: 304.291.7920
        Fax: 304.291.7979
        Email: mgarrison@spilmanlaw.com

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEITH REED, LISA DOLENCE,**
**ELIZABETH SCHENKEL, EMILY WINES,**
**AND MARK GARAN, CHRISTINA LUCAS, and**
**AUGUST ULLUM, individually and on**
behalf of others similarly situated,

      Plaintiffs,

v.                                        Civil Action No.: 5:19-cv-263
                                            Judge Bailey

**ALECTO HEALTHCARE SERVICES LLC,**
**and ALECTO HEALTHCARE SERVICES**
**WHEELING, LLC d/b/a OHIO VALLEY**
**MEDICAL GROUP and d/b/a OVMC**
**PHYSICIANS,**

      Defendants.

## CERTIFICATE OF SERVICE

I, Kevin L. Carr, certify that on April 14, 2021 I electronically filed the Certificate of Service for "Defendants' Responses to Plaintiffs' Second Request for Production of Documents Directed to Defendants" with the Clerk of the Court using the CM/ECF system, which will send electronic notice to all counsel of record. Additionally, a complete copy of such filing will be sent to counsel via email as follows:

                Timothy F. Cogan, Esq.
                Cassidy, Cogan, Shapell & Voegelin, L.C.
                The First State Capitol Building
                1413 Eoff Street
                Wheeling, WV 26003
                tfc@walslaw.com

                Vincent J. Mersich, Esq. (*pro hac vice*)
                Maureen Davidson-Welling, Esq. (*pro hac vice*)
                Stember Cohn & Davidson-Welling, LLC
                The Hartley Rose Building

EXHIBIT A

425 First Avenue, 7th Floor
Pittsburgh, PA 15219
vmersich@stembercohn.com
mdavidsonwelling@stembercohn.com

Aubrey Sparks, Esq.
Bren Pomponio, Esq.
Mountain State Justice, Inc.
1217 Quarrier Street, C
Charleston, WV 25301
Aubrey@ourfuturewv.org
bren@msjlaw.org

F. Alex Risovich, Esq.
Risovich Law Offices, PLLC
3023 Pennsylvania Avenue
Weirton, WV 26062
Alex.Risovich@risovichlaw.com

*Attorneys for Plaintiffs*

                                      /s/ Kevin L. Carr
                                      Kevin L. Carr (WV State Bar

EXHIBIT A