## Shannon D. Wilson

| | |
|---|---|
| From: | Chelsea E. Thompson |
| Sent: | Thursday, May 20, 2021 1:56 PM |
| To: | Shannon D. Wilson; tfc@walslaw.com; aubreyleighsparks@gmail.com; Alex.Risovich@risovichlaw.com; vmersich@stembercohn.com; mdavidsonwelling@stembercohn.com; jstember@stembercohn.com |
| Cc: | Michael S. Garrison; Kevin L. Carr |
| Subject: | RE: Keith Reed et al. v. Alecto Healthcare Services LLC et al.; Civil Action No. 5:19-cv-263 [STB-WORKSITE.FID919706] |

Counsel,

I wanted to get you an update on the major discovery disputes we discussed this week.

E-mails: I have spoken to my client and confirmed the e-mails currently being processed are from AHSW e-mail custodians. While AHS believes that search would capture the responsive documents, it has also initiated a collection from AHS e-mail custodians. AHS and AHSW will produce all responsive non-privileged emails from their respective custodians, and the privilege log will be updated for any e-mails withheld on the basis of attorney/client privilege or work product doctrine. AHS and AHSW are open to a rolling production, and are working diligently to do.

Ownership of AHS: AHS' position remains the same as the one described in my letter earlier this week. AHS remains open, however, to other methods of determining commonality of owners or officers that do not require divulging individual owners' names, including detailed request for admission (i.e. "admit or deny that any member of AHS is also an officer of AHSW").

Written Consents: I have requested confirmation from my client that there are no written consents from AHS, AHSOV, or AHSW regarding the closure of OVMC. I will provide an additional update when as soon as practicable.

Loan Application: I confirmed with my client that there is no loan application from AHS, AHSOV, or AHSW to any MPT entity, White Oak, or its successor CNH. Based upon discussions with my client, it is my understanding is that this type of financing does not have an application and approval process like, say, a home equity loan. For a description of later attempts to secure financing to save OVMC, see the responses (including supplemental ones) to Interrogatory Nos. 5-7 in Plaintiff's First Set of Interrogatories.

Loan Availability: You were interested in documents that showed AHS' credit availability and limitations. After discussing this with my client, AHS is working to secure and produce (pursuant to the protective order and subject to and without waiving AHS' original objections) copies of the borrowing base certificates for the relevant period. These certificates are prepared by the borrower (CNH) for its revolving line of credit for AHS, and show detailed information on AHS' collateral (in this case, various types of A/R), the beginning and ending loan amounts for the covered period and net availability, among other financial information. During 2019, CNH was issuing these certificates on a nearly daily basis, and, as a result, there are many. We have prioritized this request.

In light of yesterday's production of key documents, and my client's current, diligent work to secure borrowing base certificates showing loan information, we would request to extend any deadline for Plaintiffs' filing a motion to compel, as we believe these productions would largely resolve the discovery disputes between the parties.

Feel free to call me to discuss.

Best,

EXHIBIT D

Chelsea

**Chelsea E. Thompson**
Spilman Thomas & Battle, PLLC
Senior Attorney
O 304.357.4475
M 304.992.1730
CThompson@Spilmanlaw.com

---

**From:** Chelsea E. Thompson
**Sent:** Wednesday, May 19, 2021 4:13 PM
**To:** Shannon D. Wilson <SWilson@spilmanlaw.com>; tfc@walslaw.com; aubreyleighsparks@gmail.com; Alex.Risovich@risovichlaw.com; vmersich@stembercohn.com; mdavidsonwelling@stembercohn.com; jstember@stembercohn.com
**Cc:** Michael S. Garrison <mgarrison@spilmanlaw.com>; Kevin L. Carr <kcarr@spilmanlaw.com>
**Subject:** RE: Keith Reed et al. v. Alecto Healthcare Services LLC et al.; Civil Action No. 5:19-cv-263 [STB-WORKSITE.FID919706]

Counsel,

Today's production includes the timecards and financial documents referenced in our letter this week. If you have any questions on these documents, feel free to reach out.

Also, please know I have spoken to my client regarding the numerous issues we discussed yesterday, and I intend to send a substantive update to you tomorrow morning. We are continuing to work to address those issues amicably between the parties.

Best,
Chelsea

**Chelsea E. Thompson**
Spilman Thomas & Battle, PLLC
Senior Attorney
O 304.357.4475
M 304.992.1730
CThompson@Spilmanlaw.com

---

**From:** Shannon D. Wilson <SWilson@spilmanlaw.com>
**Sent:** Wednesday, May 19, 2021 4:07 PM
**To:** tfc@walslaw.com; aubreyleighsparks@gmail.com; Alex.Risovich@risovichlaw.com; vmersich@stembercohn.com; mdavidsonwelling@stembercohn.com; jstember@stembercohn.com
**Cc:** Michael S. Garrison <MGarrison@spilmanlaw.com>; Chelsea E. Thompson <CThompson@Spilmanlaw.com>; Kevin L. Carr <KCarr@spilmanlaw.com>
**Subject:** Keith Reed et al. v. Alecto Healthcare Services LLC et al.; Civil Action No. 5:19-cv-263

The password to access the documents through the link is as follows:

pU#wM2cAwL6G

Thanks,

EXHIBIT D

Shannon

**Shannon D. Wilson**
Spilman Thomas & Battle, PLLC
Legal Secretary
O 304.720.4057
SWilson@spilmanlaw.com

EXHIBIT D