IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| KEITH REED, LISA DOLENCE, ELIZABETH SCHENKEL, EMILY WINES, MARK GARAN, CHRISTINA LUCAS, and AUGUST ULLUM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALECTO HEALTHCARE SERVICES LLC, and ALECTO HEALTHCARE SERVICES WHEELING, LLC d/b/a OHIO VALLEY MEDICAL GROUP and d/b/a OVMC PHYSICIANS,<br><br>Defendants. | Case No. 5:19-cv-00263-JPB<br><br>Judge John Preston Bailey<br><br>CLASS ACTION |

**PLAINTIFFS' MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**I. INTRODUCTION**

The discovery deadline in this case is less than two months away, and Defendants still have not produced any documents establishing who made the decision to close the Ohio Valley Medical Center ("OVMC"), which employed approximately 750 people at the time of its closure in September 2019. Discovery has revealed that Alecto Health Services, LLC ("AHS") had managerial control of the subsidiary, Co-Defendant Alecto Health Services Wheeling, LLC ("AHSW"), the purported owner of OVMC. Defendants have produced a document identifying the owners of AHS, but have redacted the individuals' names. Despite agreeing that the identity of AHS ownership is relevant, Defendants argue they may continue to withhold AHS owners' identities on the grounds that their identities are irrelevant.

As set forth below, Plaintiffs are entitled to discover the identities of the owners of AHS, which are relevant to common ownership, <u>and</u> directly relevant to whether these individuals or some other persons exercised any *de facto* control over OVMC or were involved in the decision to effect the closure of the OVMC.

## II. DISCUSSION

**A.     The Identities of the Principals of AHS Are Fully Discoverable.**

The *Federal Rules of Civil Procedure* provide as follows regarding the proper scope of discovery:

> ***Scope in General***. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules essentially permit discovery regarding any non-privileged matter relevant to a claim or defense, provided the production is proportional to the needs of the case. "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *IntegraMed Am., Inc. v. Patton*, 298 F.R.D. 326, 331 (D.S.C. 2014).

Defendants have abandoned one of their previous grounds for objecting to disclosing the identity of the owners of AHS – namely, that the disclosure of the identities impermissibly intrudes on the financial privacy of third-party non-litigants. Defendants no longer maintain any such privacy-based privilege objection, presumably because (i) there is no applicable privilege, and (ii) the identities would be subject to the standing Protective Order entered in this case. Nor do

Defendants maintain that disclosure of the identities of AHS's owners is burdensome and therefore not proportional with the needs of the case. Indeed, the redacted document has already been produced, and Defendants could not identify any burden in providing the same document *without* the redactions.

Defendants' sole remaining justification for withholding the identities of AHS' owners is that their identities are not relevant. However, this information is clearly relevant, for several reasons. First, the individual owners of AHS – whose only record of their official company action are contained in written consents – likely have information regarding the decision to close the OVMC. Accordingly, Plaintiffs are entitled to discover their identities and direct further discovery to these individuals to determine who exactly was involved in the decision to close OVMC. From this consideration alone, the Court should grant Plaintiffs' Motion to Compel.

Second, as Plaintiffs note in their initial memorandum, the U.S. Department of Labor ("DOL") factors attendant to the single-employer inquiry place a heavy focus on the decision or direction to effect the mass layoff. "[I]n the context of the WARN Act, the decision to effect a mass layoff is the single most important personnel policy." *Pennington v. Fluor Corp.*, 320 F. Supp. 3d 762, 771 (D.S.C. 2018) (citing *Vogt v. Greenmarine Holding, LLC*, 318 F. Supp. 2d 136, 143 (S.D.N.Y. 2004)); *see also Guippone v. BH S & B Holdings LLC*, 737 F.3d 221, 226 (2d Cir. 2013) ("[The DOL] factors are useful for courts in determining 'whether the nominally separate corporations actually functioned as a single entity with respect to [policy].' In a WARN case like this one, that policy is the decision to terminate the employment of a significant part of a company's work force.") (quoting *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 503–04 (3d Cir. 2001)).

Defendants' previous document productions establish that AHS has general managerial control of Alecto Health Services Ohio Valley ("AHSOV") and its subsidiary, AHSW. (*See* Amended and Restated Limited Liability Company Agreement of AHSOV ¶ 3.1, DEFENDANTS_016449, 016467-68).)[1]  Plaintiffs are therefore permitted to inquire as to the owners of AHS about their involvement, discussions, or considerations, if any, in effecting the closure of OVMC.  *See Guippone*, 737 F.3d at 227 ("The de facto control factor 'is not intended to support liability based on a parent's exercise of control pursuant to the ordinary incidents of stock ownership ... The factor is appropriately utilized, however, if the parent ... was the decision-maker responsible for the employment practice giving rise to the litigation. Thus, the "de facto exercise of control" prong allows the factfinder to consider whether the parent has specifically directed the allegedly illegal employment practice that forms the basis for the litigation.'") (quoting *Pearson*, 247 F.3d at 503–04).

Defendants argue the identities of the owners of AHS are unnecessary to determine whether AHS and AHSW share a common ownership, but common ownership is only one (and the least important) DOL factor.[2]  Here, Plaintiffs may establish Defendants were a single employer using the other DOL factors, by demonstrating AHS exercised *de facto* control or was involved in the decision to close OVMC.  To date, the Plaintiffs do not have any documentary evidence indicating who directed the closure of OVMC.  The identities of the owners of AHS (and, indirectly, the owners of OVMC) are therefore relevant, discoverable, and indeed *necessary* for Plaintiffs to

---

[1] Defendants have designated the Limited Liability Company Agreement as confidential.  Should Defendants dispute Plaintiffs' interpretation of this agreement as stated herein, Plaintiffs reserve the right to publish the document to the Court consistent with the Protective Order.

[2] Plaintiffs contended in their Motion to Compel that the owners' identities were relevant to <u>both</u> common ownership and to whether the owners directed the closing of OVMC. (Mot. to Compel at 4 [ECF Doc. # 63].)  In their Response, Defendants do not dispute—and effectively concede—that the information is relevant to *de facto* control/who directed OVMC closure factor.

determine if AHS exercised *de facto* control over OVMC and, most importantly, who directed the closure of OVMC.

**B.      Plaintiffs Are Entitled to an Award of Expenses.**

Plaintiffs do not contend that counsel for Defendants ignored or otherwise refused to confer in good faith to resolve the objections. Rather, Defendant AHS refuses to produce the requested discovery. Because AHS's conduct necessitated this motion to compel, its objection was not substantially justified, and there are no circumstances which would make an award of expenses unjust, Plaintiffs are therefore entitled to their expenses.

## V.  CONCLUSION

Defendants have not identified any reason why the owners of AHS should not be disclosed. Plaintiff's Motion to Compel and Motion for Expenses should accordingly be granted.

June 2, 2021                                                            Respectfully submitted,

/s/ Bren J. Pomponio

| | |
|---|---|
| Timothy F. Cogan, Esq. (WVSB # 764) | Bren Pomponio, Esq. (WVSB # 7774) |
| tfc@walslaw.com | bren@msjlaw.org |
| **Cassidy, Cogan, Shapell & Voegelin, LC** | **Mountain State Justice, Inc.** |
| The First State Capitol Building | 1217 Quarrier Street |
| 1413 Eoff Street | Charleston, WV 25301 |
| Wheeling, WV 26003 | T.: (304) 344-3144 |
| T.: (304) 232-8100 | F.: (304) 344-3145 |
| F.: (304) 232-8200 | |
| | Vincent J. Mersich, Esq. (*pro hac vice*) |
| F. Alex Risovich, Esq. (WVSB # 10866) | vmersich@stembercohn.com |
| alex.risovich@risovichlaw.com | Maureen Davidson-Welling, Esq. (*pro hac vice*) |
| **Risovich Law Offices, PLLC** | mdw@stembercohn.com |
| 3023 Pennsylvania Avenue | John Stember, Esq. (*pro hac vice*) |
| Weirton, WV 26062 | jstember@stembercohn.com |
| T.: (304)723-2588 | **Stember Cohn & Davidson-Welling, LLC** |
| F.: (304)723-2504 | The Hartley Rose Building |
| | 425 First Avenue, 7th Floor |
| | Pittsburgh, PA  15219 |

                                    T.: (412) 338-1445
                                    F.: (412) 338-1446
                                  *Attorneys for Plaintiffs*