EXHIBIT 43

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH REED, LISA DOLENCE,                        Case No. 5:19-cv-00263-JPB
ELIZABETH SCHENKEL, EMILY WINES,
AND MARK GARAN, individually and on              District Judge John Preston Bailey
behalf of others similarly situated,
                                                 Class Action
        Plaintiffs,

v.

ALECTO HEALTHCARE SERVICES LLC,
and ALECTO HEALTHCARE SERVICES
WHEELING, LLC d/b/a OHIO VALLEY
MEDICAL GROUP and d/b/a OVMC
PHYSICIANS,

        Defendants.

### DEFENDANT ALECTO HEALTHCARE SERVICES WHEELING LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS

Defendant Alecto Healthcare Services Wheeling LLC ("AHSW") responds[1] to "Plaintiffs'

First Set of Requests for Admissions to Defendants" as follows:

### REQUESTS FOR ADMISSION

**REQUEST NO. 1:**  Admit that, as of September 2, 2019, AHSW employed over 100 full-

time employees working at the Ohio Valley Medical Center ("OVMC").

**ANSWER:** Admit.


**REQUEST NO. 2:**  Admit that, as of September 2, 2019, AHSW employed over 100

employees, including part-time employees, who in the aggregate worked at least 4,000 hours per

week, exclusive of overtime, at the Ohio Valley Medical Center ("OVMC").

---

[1] Defendant Alecto Healthcare Services LLC does not provide any response herein. Despite the use of the collective term "Defendants" in the title of the discovery and in the section titled "Definitions and Instructions," the Plaintiffs expressly only propounded these requests upon AHSW.

**ANSWER:** Admit.

**REQUEST NO. 3:**  Admit that, as of the date that Executive Vice President Michael Sarrao drafted his September 2, 2019 letter to West Virginia Governor James C. Justice, AHSW employed over 750 individuals at OVMC.

**ANSWER:** AHSW admits only that as of August 25, 2019, it employed less than 750 individuals at OVMC.

**REQUEST NO. 4:**  Admit that over 700 AHSW employees lost their employment as a result of the closure of OVMC.

**ANSWER:** Objection. AHSW objects that the phrase "lost their employment" is vague and ambiguous. For example, it is unclear whether this includes individuals who voluntarily resigned employment, left employment at OVMC to begin employment elsewhere, or retired. *See, e.g.*, 20 C.F.R. § 639.3(f) (definition of "employment loss" excludes "discharge for cause, voluntary departure, or retirement"). Subject to and without waiving said objection, and assuming "lost their employment" excludes discharge for cause, voluntary departure, voluntary resignation to start a new job, and/or retirement, AHSW denies.

**REQUEST NO. 5:**  Admit that, as of September 2, 2019, OVMC operated at a single location, or group of contiguous locations.

**ANSWER:** Objection. Request No. 5 calls for a legal conclusion that is one of the ultimate issues of the case, namely whether OVMC constituted a single site of employment pursuant to 20 C.F.R. §693.3(i). *See, e.g., Hurley by Hurley v. Potomac Edison Co*., No. 3:07CV14, 2008 WL 11344676, at *4 (N.D.W. Va. May 15, 2008) ("it is not a proper request for admission to request a

2

party to admit the truth of a legal conclusion"). To the extent a response is required, and subject to and without waiving said objection, AHSW admits.

**REQUEST NO. 6:** Admit that AHSW ordered the discontinuance of acute and medical services at Ohio Valley Medical Center as of 11:50 p.m. on September 4, 2019.

**ANSWER:** AHSW admits only that it suspended acute and emergency medical services at Ohio Valley Medical Center at 11:59 p.m. on September 4, 2019.

**REQUEST NO. 7:** Admit that Defendant Alecto Healthcare Services, LLC ("AHS") directed AHSW to order the suspension of acute and medical services at Ohio Valley Medical Center as of 11:50 p.m. on September 4, 2019.

**ANSWER:** Denied.

**REQUEST NO. 8:** Admit that over 50 full-time AHSW employees at OVMC were terminated (other than a discharge for cause, voluntary departure, or retirement) within 30 days of September 4, 2019.

**ANSWER:** Denied.

**REQUEST NO. 9:** Admit that over 50 full-time AHSW employees at OVMC were terminated (other than a discharge for cause, voluntary departure, or retirement) prior to October 7, 2019.

**ANSWER:** Denied.

**REQUEST NO. 10:**  Admit that AHSW did not provide AHSW employees with 60 days' notice before ordering the discontinuance of acute and medical services at Ohio Valley Medical Center as of 11:50 p.m. on September 4, 2019.

**ANSWER:** Objection. Request No. 10 calls for a legal conclusion that is one of the ultimate issues of the case, namely whether AHSW provided timely notice pursuant to 29 U.S.C. § 2102. *See, e.g., Hurley*, 2008 WL 11344676, at *4 ("it is not a proper request for admission to request a party to admit the truth of a legal conclusion"). To the extent a response is required, and subject to and without waiving said objection, AHSW admits only that it provided WARN Notice to its employees at OVMC on August 8, 2019 and that AHSW suspended acute and emergency medical services at OVMC at 11:59 p.m. on September 4, 2019.

**REQUEST NO. 11:**  Admit that AHSW terminated the employment of Plaintiff Keith Reed within 30 days of September 4, 2019.

**ANSWER:** Denied.

**REQUEST NO. 12:**  Admit that AHSW terminated the employment of Plaintiff Lisa Dolence within 30 days of September 4, 2019.

**ANSWER:** Denied.

**REQUEST NO. 13:**  Admit that AHSW terminated the employment of Plaintiff Elizabeth Schenkel within 30 days of September 4, 2019.

**ANSWER:** Denied.

**REQUEST NO. 14:**  Admit that AHSW terminated the employment of Plaintiff Emily Wines within 30 days of September 4, 2019.

**ANSWER:** Denied.


**REQUEST NO. 15:**  Admit that AHSW terminated the employment of Plaintiff Mark Garan within 30 days of September 4, 2019.

**ANSWER:** Denied.


**REQUEST NO. 16:**  Admit that AHSW terminated the employment of Plaintiff Christina Lucas within 30 days of September 4, 2019.

**ANSWER:** Denied.


**REQUEST NO. 17:**  Admit that AHSW terminated the employment of Plaintiff August Ullum within 30 days of September 4, 2019.

**ANSWER:** Denied.


**REQUEST NO. 18:**  Admit that AHSW did not provide the West Virginia State Dislocated Worker Unit with 60 days' notice prior to ordering the discontinuation of acute and medical services at Ohio Valley Medical Center as of 11:50 p.m. on September 4, 2019.

**ANSWER:** Objection. Request No. 18 calls for a legal conclusion that is one of the ultimate issues of the case, namely whether AHSW provided timely notice pursuant to 29 U.S.C. § 2102. *See, e.g., Hurley*, 2008 WL 11344676, at *4. To the extent a response is required, and subject to and without waiving said objection, AHSW admits only that it provided WARN Notice

to the West Virginia State Dislocated Worker Unit on August 8, 2019 and that it suspended acute and emergency medical services at OVMC at 11:59 p.m. on September 4, 2019.

**REQUEST NO. 19**:   Admit that AHSW did not provide the Office of the Mayor of Wheeling, West Virginia with 60 days' notice prior to ordering the discontinuation of acute and medical services at Ohio Valley Medical Center as of 11:50 p.m. on September 4, 2019.

**ANSWER:** Objection. Request No. 19 calls for a legal conclusion that is one of the ultimate issues of the case, namely whether AHSW provided timely notice pursuant to 29 U.S.C. § 2102. *See, e.g., Hurley*, 2008 WL 11344676, at *4. To the extent a response is required, and subject to and without waiving said objection, AHSW admits only that it provided WARN Notice to the Office of the Mayor of Wheeling, West Virginia on August 8, 2019 and that it suspended acute and emergency medical services at OVMC at 11:59 p.m. on September 4, 2019.

**ALECTO HEALTHCARE SERVICES**
 **WHEELING LLC**

By Counsel,

**SPILMAN THOMAS & BATTLE, PLLC**

/s/ Kevin L. Carr
Kevin L. Carr (WV Bar # 6872)
Chelsea E. Thompson (WV Bar #12565)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, WV  25301
Telephone: 304.340.3800
Fax: 304.340.3801
E-mail: kcarr@spilmanlaw.com
E-mail: cthompson@spilmanlaw.com

Michael S. Garrison (WV Bar # 7161)
48 Donley Street, Suite 800 (Zip: 26501)

P. O. Box 615
Morgantown, WV 06507-0615
Telephone: 304.291.7920
Fax: 304.291.7979
E-mail: mgarrison@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH REED, LISA DOLENCE,
ELIZABETH SCHENKEL, EMILY WINES,
AND MARK GARAN, individually and on
behalf of others similarly situated,

        Plaintiffs,

v.

ALECTO HEALTHCARE SERVICES LLC,
and ALECTO HEALTHCARE SERVICES
WHEELING, LLC d/b/a OHIO VALLEY
MEDICAL GROUP and d/b/a OVMC
PHYSICIANS,

        Defendants.

Case No. 5:19-cv-00263-JPB

District Judge John Preston Bailey

Class Action

## CERTIFICATE OF SERVICE

I, Kevin L. Carr, certify that, on April 21, 2021, I served *Defendants Responses to Plaintiffs' First Set of Requests for Admissions to Defendants* on the parties via e-mail and U.S. Mail addressed as follows:

Timothy F. Cogan, Esquire
tfc@walslaw.com
Cassidy, Cogan, Shapell & Voegelin, L.C.
The First State Capitol Building
1413 Eoff Street
Wheeling, WV 26003

Aubrey Sparks, Esquire
aubrey@ourfuturewv.org
Bren Pomponio, Esquire
bren@msjlaw.org
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301

Vincent J. Mersich, Esquire
vmersich@stembercohn.com
Maureen Davidson-Welling, Esquire
mdw@stembercohn.com
John Stember, Esquire
jstember@stembercohn.com
Stember Cohn & Davidson-Welling, LLC
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219

F. Alex Risovich, Esquire
alex.risovich@risovichlaw.com
Risovich Law Offices, PLLC
3023 Pennsylvania Avenue
Weirton, WV 26062

/s/Kevin L. Carr
Kevin L. Carr (WV State Bar # 6872)