IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **KEITH REED, LISA DOLENCE, ELIZABETH SCHENKEL, EMILY WINES, AND MARK GARAN, individually and on behalf of others similarly situated,** | Case No. 5:19-cv-00263-JPB<br><br>District Judge John Preston Bailey<br><br>Class Action |
| Plaintiffs, | |
| v. | |
| **ALECTO HEALTHCARE SERVICES LLC, and ALECTO HEALTHCARE SERVICES WHEELING, LLC d/b/a OHIO VALLEY MEDICAL GROUP and d/b/a OVMC PHYSICIANS,** | |
| Defendants. | |

**DEFENDANTS' RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

Defendants Alecto Healthcare Services LLC ("Alecto") and Alecto Healthcare Services Wheeling LLC d/b/a Ohio Valley Medical Center ("AHS Wheeling") (collectively "Defendants") respond to Plaintiffs' First Set of Interrogatories Directed to Defendants as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all individuals who participated in making the decision(s) to close OVMC in 2019 (including all formal decision-makers and any other individuals who authorized, approved, recommended, or otherwise provided input into the decision(s)); and describe each individual's role in the decision-making process, including providing full name, employer, job title, address, telephone, and email.

**ANSWER:** AHS Wheeling states, upon information and belief, that the following participated in some discussions and/or decisions to close Ohio Valley Medical Center ("OVMC") and East Ohio Regional Hospital ("EORH"): Dan Dunmyer (CEO), Charles Cave (interim CFO),

EXHIBIT 10

Jennifer Coello (COO), Mallik Chowdary Yenigella (Director of Quality & Risk Services), Victoria Mounsey (Human Resources Director), Lynette DeBertrand (Chief Nursing Officer), Narendran Sridhar (Director - Facilities and Safety), Trina Kropka (Director of Food Services), Maggie Pyles (Director of Laboratory), and Zachary Elerick (Director of Pharmacy).

Alecto states, upon information and belief, that the following participated in some discussions and/or decisions to close OVMC and EORH: Lex Reddy (CEO), Panch Jeyakumar (Chief Medical Officer), Jeremy Redin (CFO), Michael Sarrao (Executive Vice President and General Counsel), Mark Bradshaw (Corporate Counsel), Aman Dhuper (Vice President Operations), Jeff Meek (former Corporate Director of Finance), Victoria Muller (Vice President Revenue Cycle), Sylvia Ventura (Vice President Clinical Affairs and Operations), Gigi Douglass (Vice President Laboratory and Respiratory Services), and Marie Falcis (former Vice President of Performance Improvement, Risk & Medical Staff Services).

To the extent Interrogatory No. 1 seeks additional information, AHS Wheeling and Alecto object because it is overly broad, disproportionate to the needs of the case, and partially irrelevant to the parties' claims and defenses. OVMC and EORH did not close all at once—different departments at different hospitals closed at different times. In reality, there is more than one "decision" to close. These decisions to close were not made at haste, and were preceded by countless meetings and discussions regarding closure. These meetings were held with local, state, and federal politicians and agencies, community business leaders, and other third parties in an attempt to secure funding or purchase. These discussions included an incalculable number of participants who in may have in some way "participated" in the decision to close. Importantly, Interrogatory No. 1 does not contain a time limit, a reasonable topic restriction, or even a parameter that only Alecto or AHS Wheeling-affiliated participants must be identified. In fact, Interrogatory

2

EXHIBIT 10

No. 1 purposefully sidesteps such reasonable limitations, and specifically seeks information on individuals who merely "recommended" or "provided input" into a decision to close the hospitals. As written, Interrogatory No. 1 is facially overbroad, disproportionate to the needs of the case, and irrelevant to the parties' claims and defenses.

**INTERROGATORY NO. 2:** Identify each of the 700-plus "affected employees" referred to in Daniel Dunmeyer's August 8, 2019 letter to the West Virginia Dislocated Workers Unit (see DEFENDANTS 0003), including stating each one's full name, position/department, current or last known address, telephone number, and email.

**ANSWER:** AHS Wheeling directs Plaintiffs to Bates Nos. 14758 for a list of all its employees as of August 8, 2019. Alecto did not employ any individuals at OVMC and/or EORH.

**INTERROGATORY NO. 3:** Identify each Alecto-Wheeling employee whose employment at OVMC terminated during the period July 1, 2019 through October 31, 2019, including his or her full name, position/department, current or last known address, telephone number, and email.

**ANSWER:** AHS Wheeling directs Plaintiffs to Bates Nos. 14758 for a list of all its employees as of August 8, 2019. Alecto did not employ any individuals at OVMC and/or EORH.

**INTERROGATORY NO. 4:** For each employee identified in answer to Interrogatory 2 and/or 3:

    a.    detail the employee's work history, including: dates of employment at OVMC, last workday at OVMC (i.e., last day worked, not including paid time off days), and reason for separation (i.e., termination without cause; termination for cause; voluntary departure; or retirement);

EXHIBIT 10

  b. set forth his or her total hours worked each week (not including paid time off) during 2019; and

  c. detail the employee's 2019 compensation and benefits, including: final salary or final regular hourly wage rate; if paid hourly, his/her average hours worked per week and average weekly earnings for period January 1– August 7, 2019; whether the employee received employer-sponsored healthcare coverage and if so, the employer and employee paid premiums for that coverage; whether employee received employer 401k or retirement contributions and, if so, the monthly amount; and the date employee's employer-sponsored healthcare coverage ended.

**ANSWER:** AHS Wheeling directs Plaintiffs to:

- Bates Nos. 14758 for a list of all employees at OVMC and/or EORH as of August 8, 2019 including job title, date of separation, and separation reason;
- Bates Nos. 91-2018 & 14787-15075 for applicable payroll registers showing wage rates, withholdings, premiums, hours worked, last date worked, and other compensation information; and
- Bates Nos. 14759-14786 for the 2019 benefits guide.

AHS Wheeling further states that it made no 401(k) employer match for any of its employees, and that its employees enjoyed health insurance benefits through the end of the month in which he/she separated from employment.

Alecto did not employ any individuals at OVMC and/or EORH.

**INTERROGATORY NO. 5:** Describe in detail all steps that Defendants (or either of them) took to try to sell OVMC or its assets to third-parties in 2019, including identifying all sale-related correspondence sent out, all other steps taken, who took each step on behalf of Defendant(s), when it was taken, and the third party(ies) toward whom the action was directed.

**ANSWER:** Alecto and/or AHS Wheeling took the following steps to secure a purchaser, investor, or strategic partner:

4

EXHIBIT 10

(1) Ongoing discussions with System A, a large academic healthcare system based in West Virginia, about it acquiring OVMC and EORH. In late August 2019, there were discussions about System A leasing certain buildings and operating psychiatric services at OVMC, but System A passed on the opportunity.

(2) Ongoing discussions, beginning in October 2018 and continuing through April 2019, with System B, a large national healthcare system with headquarters in Texas about acquiring OVMC and/or EORH. There were also in-person meetings with System B but, ultimately, System B passed on the opportunity.

(3) Ongoing discussions, beginning in May 2019 and continuing through September 2019, with System C, a large national healthcare system with headquarters in California with facilities in Ohio and Pennsylvania, about it acquiring OVMC and/or EORH. There were also site visits by senior executives of System C, in-person meetings, and one-on-one follow-up. Ultimately, System C passed on the opportunity.

(4) Approach of System D, a large healthcare system based in Pennsylvania, during the summer of 2019 about their interest in OVMC and/or EORH. System D passed on the opportunity.

(5) Discussions in March 2019 with System E, an operator of hospitals focused on treatment of patients with neuropsychiatric conditions based in Indiana, about acquisition of OVMC and/or adding additional services to OVMC and EORH. There was also a site visit. Ultimately, System E passed on the opportunity.

(6) Discussions in the summer of 2019 with System F, one of the largest Catholic healthcare systems in the country, and its senior executives regarding acquisition of OVMC and EORH. System F ultimately passed on the opportunity.

**EXHIBIT 10**

(7)     Discussions beginning in April 2019 and continuing through October 2019 with System G, a subsidiary of one of the largest Catholic health systems in the country, about acquiring OVMC and/or EORH. Representatives of System G also made site visits before passing on the opportunity.

(8)     Discussions with System H, a large national healthcare system based in Pennsylvania, in August 2019 about acquiring OVMC and/or EORH with a focus on mental health services. System H passed on the opportunity.

(9)     There were discussions with Investor A in the spring and summer of 2019 about purchasing EORH as an operating hospital.

(10)    There were discussions with Investor B in the spring and summer of 2019 about purchasing EORH as an operating hospital.

(11)    On September 9, 2019, there were inquiries/teasers sent to the following health systems/hospitals, regarding acquisition of EORH:

- Cleveland Clinic
- Metro Health
- Ohio Health
- Adena Regional Medical Center
- Ashtabula County Medical Center
- Bon Secours Mercy
- Fairfield Medical Center
- Genesis Health System
- Lima Memorial Hospital
- Marietta Memorial Hospital
- Salem Community Hospital
- Southwest General Health Center
- St. Vincent Charity Hospital

(12)    Ongoing discussions with Congressman David B. McKinley, Senator Joe Manchin, and Senator Shelley Moore Capito and their staff about efforts to keep OVMC operating.

**EXHIBIT 10**

(13) Ongoing communications and discussions with Congressman Bill Johnson about EORH and potential support for EORH.

(14) Ongoing discussions with Jobs Ohio in September 2019 regarding the potential for investment/support for EORH.

(15) Meetings with representatives of Belmont County regarding support for EORH on August 20, 2019 and ongoing discussions with representatives of Belmont County during August 2019 and September 2019.

(16) Meeting with Wheeling community leaders, local business leaders, and elected officials about OVMC and/or EORH and opportunities to support both hospitals. Meetings were held in July and August 2019, including an August 19, 2019 meeting with more than 15 local elected officials.

(17) Discussions with Northwood Health, the operator of an outpatient mental health program on OVMC's campus in August 2019 about OVMC.

(18) Discussions with West Virginia Attorney General Patrick Morrisey on August 9, 2019 regarding OVMC's and EORH's struggles, harm caused by Wheeling Hospital, and support needed for OVMC and EORH.

(19) Meeting with West Virginia Department of Health & Human Resources (DHHR) on July 15, 2019 2019 regarding OVMC's and EORH's financial struggles and potential for support from DHHR.

(20) Correspondence to the Most Reverend Mark E. Brennan, Bishop of the Catholic Diocese of Wheeling-Charleston, dated September 2, 2019, regarding the harm suffered by OVMC and EORH caused by Wheeling Hospital, while it was owned and operated by the Catholic Diocese

EXHIBIT 10

of Wheeling-Charleston, and seeking the Bishop's and the Diocese's assistance for OVMC and EORH or the Diocese's acquisition of these hospitals.

(21) Correspondence with Governor Jim Justice dated September 2, 2019 regarding the challenges faced by OVMC and EORH and proposing a solution to maintain the operations of OVMC.

To the extent Interrogatory No. 5 seeks additional information, Alecto and AHS Wheeling object. The identity of potential purchasers are subject to binding Non-Disclosure Agreements. Additionally, identification of correspondence is overly broad and unduly burdensome. As the response makes clear, prior to the decision to close OVMC and EORH, there were countless meetings and discussions with hundreds of people. There were countless meetings, site visits, telephone calls, and letters, etc. all of which, over the course of a full calendar year, created an incalculable volume correspondence. This renders Interrogatory No. 5 overly broad and unduly burdensome.

Finally, Alecto and AHS Wheeling object to the extent that Interrogatory No. 5 seeks privileged information. Correspondence from counsel to its client regarding potential purchasers/investors may contain legal advice and/or may have been drafted in anticipation of litigation.

**INTERROGATORY NO. 6:** Describe in detail all steps taken by Alecto and/or Alecto Wheeling between January 1, 2019 and August 8, 2019 to seek or business to continue OVMC's operations, including listing the steps that were taken, when they were taken, who took the steps on behalf of Defendant(s), and the outcome.

**ANSWER:** See Alecto and AHS Wheeling's response to interrogatory Nos. 5 and 7.

EXHIBIT 10

**INTERROGATORY NO. 7:** If Alecto and/or Alecto Wheeling sought additional capital or financing to continue OVMC's operations in 2019, identify and describe each such request or application that Alecto and/or Alecto-Wheeling made to any third-party, including the type of transaction/ arrangement and amount of funds sought, the date the application or request was made, to whom the application or request was submitted, the outcome (e.g., loan given for X dollars, or loan denied), and the date the financing request was granted or denied. Attach copies of all financing requests and applications, and all responses thereto, to your answers.

**ANSWER:** Alecto and/or AHS Wheeling had multiple discussions with MPT of Wheeling-Alecto Hospital, LLC ("MPT Wheeling"), White Oak Healthcare Finance, LLC ("White Oak"), and CNH Finance Fund I, L.P. ("CNH"), regarding requests for additional funding and additional borrowing capacity under existing credit facilities. Alecto and AHS Wheeling had multiple discussions with MPT Wheeling about MPT Wheeling providing additional funding for improvements and operating needs of OVMC and EORH. Given the existing relationship with MPT Wheeling, there were no formal applications submitted to MPT Wheeling. Except not immediately pursue its remedies related to Alecto Wheeling's defaults under various agreements with MPT Wheeling, MPT Wheeling denied Alecto Wheeling's requests for additional funding. Alecto and Alecto Wheeling engaged in multiple discussions in 2019 with White Oak and/or CNH about providing Alecto and Alecto Wheeling with additional borrowing capacity under the existing accounts receivable credit facility with White Oak, which was subsequently sold and assigned to CNH. White Oak rejected these requests. CNH made some modest adjustments to reserves, but these adjustments did not provide any material amount of additional borrowing capacity much less the capacity needed for OVMC and EORH as OVMC's and EORH's collections were not sufficient to meet their operating cash needs.

**EXHIBIT 10**

**INTERROGATORY NO. 8:** Describe in detail Alecto's financial position in 2018 and 2019, including its monthly, quarterly and annual cash reserves, income, available credit, assets, liabilities, gross profits, and net profits.

**ANSWER:** AHS Wheeling states that it has no information regarding Alecto's financial position. AHS Wheeling does, however, direct Plaintiff to Bates Nos. 2132-2183 & 14343-14757 for statements for all bank accounts it held for OVMC and/or EORH. It also directs Plaintiffs to Bates Nos. 2131 and 2189 for a Consolidated Balance Sheet and Income Statement (2017-2019) for Alecto Healthcare Services Ohio Valley LLC and Bates Nos. 2227-2183 & 14197-14323 for tax returns (2017-2019) of Alecto Healthcare Services Ohio Valley LLC. These documents all incorporate the financials of AHS Wheeling, as Alecto Healthcare Services Ohio Valley LLC is the sole member of AHS Wheeling.

Alecto objects to Interrogatory No. 8 on multiple grounds. First, Alecto objects that the term "financial position" is vague and ambiguous. This phrase could mean any document that merely references and/or contains a dollar amount.

Second, Alecto objects to the extent Interrogatory No. 8 is irrelevant to the parties' claims and defenses. The Plaintiffs' only claim is for a single WARN Act violation due to the closure of OVMC. Alecto did not own or operate OVMC. Alecto did not employ any person at OVMC. Instead, Alecto has varied business interests nationwide. The large scope of Alecto's business enterprises (both geographically and topically), combined with the fact that this interrogatory is not limited to OVMC in any way, means that the vast majority—if not all—of the "financial position" information sought in this interrogatory is inapplicable to this case. In short, the information sought in this interrogatory is largely reflective of Alecto's many other business

EXHIBIT 10

interests across the nation, extends well beyond the single WARN claim that is pled in this case, and is irrelevant to the parties' claims and defenses.

Third, Alecto objects that Interrogatory No. 8 is overly broad because it contains no reasonable subject matter or geographic limits. This lawsuit is narrowly focused on one hospital in northern West Virginia. This interrogatory, however, seeks all financial information without any tethering to that hospital, and appears to be little more than an impermissible fishing expedition into Alecto's greater financial information. To seek Alecto's comprehensive "financial position" without any limitation to that particular hospital (OVMC) renders it facially overbroad.

Fourth, Alecto objects to the extent Interrogatory No. 8 seeks trade secrets. By requesting information on Alecto's cash reserves, available credit, assets, liability, etc., Plaintiffs are expressly seeking propriety and trade sensitive information. Alecto is not a publically traded company, and guards such financial information from public disclosure. Alecto may use such confidential financial information to make future business decisions, and derives value from its competitors not having access to such financial information. Thus, it objects to the production of its most private financial data.

Fifth, Alecto objects to Interrogatory No. 8 as it imposes an undue burden. Given the vagueness of the term "financial position" and the failure to be limited to the single hospital at issue, there could be a huge volume of responsive documents. Alecto has widespread businesses, and for each, there could be countless documents containing "financial position" information, ranging from routine bank statements to one-time payments towards a vendor invoice. As a result, Interrogatory No. 8 captures an incalculable amount of potentially responsive documents, and imposes an undue burden.

EXHIBIT 10

Sixth, and finally, Alecto objects to the extent Interrogatory No. 8 seeks privileged information. Documents analyzing or estimating "financial position" may be created by counsel in preparation for litigation, or constitute legal advice, and therefore may fall within the bounds of the attorney/client privilege or work product doctrine.

**INTERROGATORY NO. 9:** Set forth in detail all the facts that were known to Defendants (or either of them) in June and/or July 2019, that allegedly led them (or either of them) to conclude that if Defendants provided notice of additional position eliminations at OVMC this would preclude Defendant(s) from obtaining additional capital or business for OVMC, and identify all board minutes, committee minutes, or other documents recording discussions and/or decisions related to whether earlier notice could or should be given.

**ANSWER:** Alecto and AHS Wheeling state that, in their experience, notice of hospital closure prompts events that could negatively affect the ability to secure a buyer, investor, or funding. These events include, but are not limited to, the following:

- significant drop in patient census;
- decreased revenues and accounts receivables;
- departure of staff;
- departure of medical staff members (physicians) resulting in decreased patient admissions;
- increased efforts by other area hospitals to recruit staff and physicians and drive them away from the struggling hospital. This was of particular concern for OVMC and EORH given Wheeling Hospital's ongoing unlawful conduct.
- increased efforts by other area hospitals to drive patients away from the struggling hospital. This was of particular concern for OVMC and EORH as Wheeling Hospital had made numerous misrepresentations to patients about the availability of services at OVMC and EORH and OVMC's and EORH's ability to accept Medicare and Medicaid patients;
- loss of morale in remaining workforce;
- negative press coverage;
- public censure by elected officials;
- loss of goodwill;
- increased demand by creditors for payment;
- increased litigation;
- shut out/lock of existing services by vendors; and

EXHIBIT 10

- refusal by third party vendors to provide additional credit, goods, or services.

**ALECTO HEALTHCARE SERVICES LLC and ALECTO HEALTHCARE SERVICES WHEELING LLC**

By Counsel,

**SPILMAN THOMAS & BATTLE, PLLC**

/s/ Kevin L. Carr
Kevin L. Carr (WV Bar # 6872)
Chelsea E. Thompson (WV Bar #12565)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
Telephone: 304.340.3800
Fax: 304.340.3801
E-mail: kcarr@spilmanlaw.com
E-mail: cthompson@spilmanlaw.com

Michael S. Garrison (WV Bar # 7161)
48 Donley Street, Suite 800 (Zip: 26501)
P. O. Box 615
Morgantown, WV 06507-0615
Telephone: 304.291.7920
Fax: 304.291.7979
E-mail: mgarrison@spilmanlaw.com

**EXHIBIT 10**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **KEITH REED, LISA DOLENCE, ELIZABETH SCHENKEL, EMILY WINES, AND MARK GARAN, individually and on behalf of others similarly situated,** | Case No. 5:19-cv-00263-JPB |
| | District Judge John Preston Bailey |
| Plaintiffs, | Class Action |
| v. | |
| **ALECTO HEALTHCARE SERVICES LLC, and ALECTO HEALTHCARE SERVICES WHEELING, LLC d/b/a OHIO VALLEY MEDICAL GROUP and d/b/a OVMC PHYSICIANS,** | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Kevin L. Carr, certify that, on March 24, 2021, I served *Defendants' Responses to Plaintiffs' First Set of Interrogatories* on the parties via e-mail and U.S. Mail addressed as follows:

Timothy F. Cogan, Esquire
tfc@walslaw.com
Cassidy, Cogan, Shapell & Voegelin, L.C.
The First State Capitol Building
1413 Eoff Street
Wheeling, WV 26003

Aubrey Sparks, Esquire
aubrey@ourfuturewv.org
Bren Pomponio, Esquire
bren@msjlaw.org
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301

Vincent J. Mersich, Esquire
vmersich@stembercohn.com
Maureen Davidson-Welling, Esquire
mdw@stembercohn.com
John Stember, Esquire
jstember@stembercohn.com
Stember Cohn & Davidson-Welling, LLC
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219

F. Alex Risovich, Esquire
alex.risovich@risovichlaw.com
Risovich Law Offices, PLLC
3023 Pennsylvania Avenue
Weirton, WV 26062

/s/Kevin L. Carr
Kevin L. Carr (WV State Bar # 6872)

14

EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH REED, LISA DOLENCE,
ELIZABETH SCHENKEL, EMILY WINES,
AND MARK GARAN, CHRISTINA LUCAS, and
AUGUST ULLUM, individually and on
behalf of others similarly situated,

    Plaintiffs,

v.

    Civil Action No.: 5:19-cv-263
    Judge Bailey

ALECTO HEALTHCARE SERVICES LLC,
and ALECTO HEALTHCARE SERVICES
WHEELING, LLC d/b/a OHIO VALLEY
MEDICAL GROUP and d/b/a OVMC
PHYSICIANS,

    Defendants.

## VERIFICATION

STATE OF CALIFORNIA,
COUNTY OF  Orange , to-wit:

I, Michael Sarrao, being duly sworn, deposes and states that: (1) I hold the position of Executive Vice President at Alecto Healthcare Services LLC; and (2) I have read "Defendants' Responses to Plaintiffs' First Set of Interrogatories" and know the contents thereof and the responses provided by Alecto Healthcare Services LLC and Alecto Healthcare Services Wheeling LLC are true to my knowledge, information, and belief.

    MICHAEL SARRAO

Subscribed and sworn to before me on this 29th day of March, 2021 by Michael Sarrao, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

[SEAL]

    NOTARY PUBLIC



BRIDGET L. FLOYD
Notary Public - California
Orange County
Commission # 2256637
My Comm. Expires Aug 31, 2022

**EXHIBIT 10**