# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| KEITH REED, LISA DOLENCE, ELIZABETH SCHENKEL, EMILY WINES, MARK GARAN, CHRISTINA LUCAS, and AUGUST ULLUM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALECTO HEALTHCARE SERVICES LLC, and ALECTO HEALTHCARE SERVICES WHEELING, LLC d/b/a OHIO VALLEY MEDICAL GROUP and d/b/a OVMC PHYSICIANS,<br><br>Defendants. | Case No. 5:19-cv-00263-JPB<br><br>Judge John Preston Bailey<br><br>CLASS ACTION |

## RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO PLAINTIFF EMILY WINES

Timothy F. Cogan, Esq. (WV SB # 764)
**Cassidy, Cogan, Shapell & Voegelin, LC**
The First State Capitol Building
1413 Eoff Street
Wheeling, WV 26003
T.: (304) 232-8100

F. Alex Risovich, Esq. (WV SB # 10866)
**Risovich Law Offices, PLLC**
3023 Pennsylvania Avenue
Weirton, WV 26062
T.: (304) 723-2588

Laura Davidson, Esq. (WV SB # 13832)
1217 Quarrier St.
Charleston, WV 25301
T.: (304) 344-3144

Dated: February 7, 2022

Bren Pomponio, Esq. (WV SB # 7774)
**Mountain State Justice, Inc.**
1217 Quarrier Street
Charleston, WV 25301
T.: (304) 344-3144

Maureen Davidson-Welling, Esq. (*pro hac vice*)
John Stember, Esq. (*pro hac vice*)
**Stember Cohn & Davidson-Welling, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
T.: (412) 338-1445

*Attorneys for Plaintiffs*

EXHIBIT 11

**privilege against disclosure, including spousal communications, communications between named plaintiffs and/or between named plaintiffs and other class members regarding the lawsuit. Plaintiff objects to producing and will not produce case correspondence, or pleadings, or documents that Defendants already produced to Plaintiffs in this case. Plaintiff objects to this Request as overbroad, unduly burdensome, seeking irrelevant information, vague, and not proportional to the needs of the case to the extent it seeks all documents "relating" to any communications "relating" to this lawsuit or her employment, as it is not clear what that would encompass and could include many document that are irrelevant and have no bearing on the claims or defenses in the case. Plaintiff objects that this Request is duplicative of earlier requests. Plaintiff objects to producing all other documents "related" to her employment at OVMC, which could encompass many irrelevant documents, and she will not search for such documents. Plaintiff is withholding documents based on her objections.**

**Subject to and without waiver of her objections, Wines is producing the relevant, non-privileged documents she has located pertaining to the case in response to other Requests.**

## RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSION TO PLAINTIFF EMILY WINES

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Emily Wines ("Plaintiff" or "Wines"), by and through her counsel, submits the following responses to Defendants' First Request for Admission.

### REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1: Admit that you did not experience a reduction of hours more than 50% in May 2019.

**ANSWER:**

**Plaintiff objects to this Request as irrelevant, as Plaintiffs do not allege an "employment loss" based on a "reduction in hours of work of more than 50 percent during each month of any 6-month period." 29 U.S.C. § 2101(a)(6)(c). Without waiver of her objection, a**dmitted.

15

EXHIBIT 11

REQUEST FOR ADMISSION NO. 2:  Admit that you did not experience a reduction of hours more than 50% in June 2019.

**ANSWER:**

**Plaintiff objects to this Request as irrelevant, as Plaintiffs do not allege an "employment loss" based on a "reduction in hours of work of more than 50 percent during each month of any 6-month period."  29 U.S.C. § 2101(a)(6)(c).  Without waiver of her objection, admitted.**

REQUEST FOR ADMISSION NO. 3:  Admit that you did not experience a reduction of hours more than 50% in July 2019.

**ANSWER:**

**Plaintiff objects to this Request as irrelevant, as Plaintiffs do not allege an "employment loss" based on a "reduction in hours of work of more than 50 percent during each month of any 6-month period."  29 U.S.C. § 2101(a)(6)(c).  Without waiver of her objection, admitted.**

REQUEST FOR ADMISSION NO. 4:  Admit that you did not experience a reduction of hours more than 50% in August 2019.

**ANSWER:**

**Plaintiff objects to this Request as irrelevant, as Plaintiffs do not allege an "employment loss" based on a "reduction in hours of work of more than 50 percent during each month of any 6-month period."  29 U.S.C. § 2101(a)(6)(c).  Without waiver of her objection, admitted.**

REQUEST FOR ADMISSION NO. 5:  Admit that you did not experience a reduction of hours more than 50% in September 2019.

**ANSWER:**

**Plaintiff objects to this Request as irrelevant, as Plaintiffs do not allege an "employment loss" based on a "reduction in hours of work of more than 50 percent during each month of any 6-month period."  29 U.S.C. § 2101(a)(6)(c).  Without waiver of her objection, denied.**

EXHIBIT 11

REQUEST FOR ADMISSION NO. 6:  Admit that you had employer-sponsored vision insurance coverage through October 7, 2019.

ANSWER:

**Admitted.**

REQUEST FOR ADMISSION NO. 7:  Admit that you had employer-sponsored dental insurance coverage through October 7, 2019.

ANSWER:

**Admitted.**

REQUEST FOR ADMISSION NO. 8:  Admit you had an employer-sponsored 401(k) retirement plan through October 7, 2019.

ANSWER:

**Admitted.**

REQUEST FOR ADMISSION NO. 9:  Admit you were not required to return company-owned property prior to October 7, 2019.

ANSWER:

**Plaintiff Wines does not recall being told that she need not return property prior to October 7, 2019, and believes that she returned her badges on or about the last date that she worked at OVMC, and therefore, despite having made a reasonable inquiry, lacks sufficient knowledge regarding return of property requirements, and therefore denies this Request.**

**EXHIBIT 11**

REQUEST FOR ADMISSION NO. 10:  Admit you worked at OVMC on October 1, 2019 and October 2, 2019.

**ANSWER:**

**Admitted.**

REQUEST FOR ADMISSION NO. 11: Admit that the payroll journal documents at DEFENDANTS_000091 to DEFENDANTS_002018 and DEFENDANTS_014787 to DEFENDANTS_015075 accurately reflect the compensation you received for working at OVMC.

**ANSWER:**

**Wines admits that the documents at DEFENDANTS 00091 to DEFENDANTS 002018 and DEFENDANTS 014787 to DEFENDANTS 000091 accurately reflect earnings that she received, respectively, for work during the time card periods ending 8/10/19, 8/24/19, 9/07/19, 9/21/19, and 10/5/19, and a payout for accrued PTO on 10/25/19.**

REQUEST FOR ADMISSION NO. 12:  Admit that the timecard documents at DEFENDANTS_016769 accurately reflect the hours you worked at OVMC.

**ANSWER**:

**Plaintiff Wines objects to this Request as ambiguous as to timeframe.  Plaintiff Wines admits the timecard documents at DEFENDANTS 01679 reflect some hours she worked at OVMC.  Plaintiff Wines denies that DEFENDANTS 016769 accurately reflects all hours she ever worked at OVMC.**

EXHIBIT 11

## VERIFICATION

I, **EMILY WINES**, do hereby verify that the factual statements contained in the foregoing Objections and Answers to Defendants' First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I understand that this verification is made subject to the penalties of perjury pursuant to 18 Pa.C.S. § 4904 relating to unsworn falsification of authorities.

Dated: 2/4/2022

**EMILY WINES**

EXHIBIT 11