White Oak Healthcare Finance LLC
Borrowing Base Report

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

| | | | | Sherman, Olympia, Fairmount | Ohio/Wheeling | Total |
|---|---|---|---|---|---|---|
| Borrower: | Alecto Healthcare Services | | | | | |
| Report Submission Date: | July 5, 2019 | Report No.: | 609 | | | |
| Daily as of: | July 3, 2019 | | | | | |
| **COLLATERAL AVAILABILITY:** | | | | | | |
| Gross A/R AS OF MONTH ENDED | | 3/31/2019 | | $ 263,468,500.68 | $ 51,060,165.54 | $ 314,528,666.22 |
| Deductions to Gross A/R | | | | | | |
|    Ineligible A/R | | | | $ (139,392,284.72) | $ (28,927,111.50) | $ (168,319,396.22) |
|    Other | | | | | | |
|    Other | | | | | | |
| Gross Eligible A/R AS OF MONTH END | | | | $ 124,076,215.96 | $ 22,133,054.04 | $ 146,209,270.00 |
| Net Value Factor | | | | 19.07% | 42.16% | 22.56% |
| Expected Net Value (Month End) | | | | $ 23,656,340.35 | $ 9,332,322.36 | $ 32,988,662.71 |
| Additions to Expected Net Value (ENV) | | | | | | |
|    ENV of NEW A/R | | | | $ 51,230,000.00 | $ 31,020,000.00 | $ 82,250,000.00 |
|    Adjustments | | | | $ - | $ - | $ - |
|    Adjustments | | | | | | |
| Deductions to Expected Net Value | | | | | | |
|    Gross Collections | | | | $ 59,014,600.02 | $ 28,776,969.90 | $ 87,791,569.92 |
|    Ineligible Collections | | | | $ 7,548,638.81 | $ 884,853.98 | $ 8,433,492.79 |
|    Net Collections | | | | $ 51,465,961.21 | $ 27,892,115.92 | $ 79,358,077.13 |
|    Aged Claims | | | | $ 2,216,373.36 | | $ 2,216,373.36 |
| New Net Value Prior to Reserves | | | | $ 21,204,005.78 | $ 12,460,206.44 | $ 33,664,212.22 |
|    Medicare/ Medicaid Reserves Cost Report Reserves | | | | $ (3,886,042.66) | $ - | $ (3,886,042.66) |
|    Credit Balances > 150 Days | | | | $ (5,208,802.06) | $ (950,351.46) | $ (6,159,153.52) |
|    Medi-Cal QAF Reserve | | | | $ (4,127,768.90) | $ - | $ (4,127,768.90) |
|    Third Party Reserves / Liabilities | | | | $ (338,434.00) | $ (1,663,127.13) | $ (2,001,561.13) |
|    Insurance Refunds in A/P | | | | $ - | $ (866,014.97) | $ (866,014.97) |
|    Provider Tax Reserve | | | | $ - | $ (137,154.50) | $ (137,154.50) |
|    OH Hospital Tax Reserve | | | | $ - | $ (760,129.98) | $ (760,129.98) |
|    WV Broad Base Tax | | | | $ - | $ (1,143,003.45) | $ (1,143,003.45) |
|    WV Acute Care Tax | | | | $ - | $ (316,636.47) | $ (316,636.47) |
|    Reverse Reserve when > Eligible | | | | $ 5,170,013.60 | $ 3,502,457.26 | $ 8,672,470.86 |
|    Unsubmitted Claims over 30 days | | | | $ - | $ (130,174.46) | $ (130,174.46) |
|    Health Plan Reserve | | | | $ - | $ (300,000.00) | $ (300,000.00) |
|    HCAP Receivables | | | | $ - | $ - | $ - |
|    Delinquent Tax Reserves | | | | $ (1,812,415.49) | $ (1,440,830.00) | $ (3,253,245.49) |
| Adjusted Expected Net Value | | | | $ 11,000,556.27 | $ 8,255,241.27 | $ 19,255,797.55 |
| Advance Rate | | | | 85.00% | 85.00% | 85.00% |
| **Borrowing Base** | | | | $ 9,350,472.83 | $ 7,016,955.08 | $ 16,367,427.91 |
| Revolving Commitment | | | | $ 30,000,000.00 | $ 10,000,000.00 | $ 30,000,000.00 |
| Borrowing Limit (Lesser of Revolving Commitment & Borrowing Base) | | | | $ 9,350,472.83 | $ 7,016,955.08 | $ 16,367,427.91 |
|    Less Accrued Amounts | | | | | | $ (28,721.01) |
|    Plus Cash Intransit | | | | | | |
|    Plus Special Advance | | | | $ - | $ - | $ - |
|    Less Unposted Cash at Month End (OVMC) | | | | | $ - | $ - |
| Adjusted Borrowing Limit | | | | $ 9,350,472.83 | $ 7,016,955.08 | $ 16,338,706.90 |
| **LOAN ACTIVITY:** | | | | | | |
|    Outstanding Revolving Loan Balance Prior Report | | | | | | $ 19,167,402.55 |
|    Less Collections | | | | | | $ 2,224,148.89 |
|    Plus Accrued Interest, Fees, Charges & Expenses | | | | | | $ - |
|    Other Loan Adjustments | | | | | | $ - |
|    Revolving Advance Request | | | | | | $ 1,039,000.00 |
|    Over Advance Request This Report | | | | | | $ - |
| Revolving Loan Balance This Report | | | | $ - | $ - | $ 17,982,253.66 |
| Net Availability (After Loan Balances and including any advance requests) | | | | $ - | $ - | $ (1,643,546.76) |

Authorized Signature: *[signature]*    Title: CFO    Date: 7/5/19

Alecto Healthcare Services    Borrowing Base Certificate    1/4

**EXHIBIT B**

DEFENDENTS_017062

**White Oak Healthcare Finance LLC**
**Borrowing Base Report**

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

| Borrower: | Alecto Healthcare Services | | | Sherman, Fairmount | Olympia, | Ohio/Wheeling | Total |
|---|---|---|---|---|---|---|---|
| Report Submission Date: | July 5, 2019 | Report No.: | 609 | | | | |
| Daily as of: | July 3, 2019 | | | | | | |

| Authorized Signature | Title | Date |
|---|---|---|
| /s/ | CFO | 7/5/19 |

The undersigned desires to make a borrowing of a Revolving Advance as follows:
  Date:    July 5, 2019
  Amount:  $  1,039,000.00

  The undersigned represents and warrants that the foregoing information is true, complete and correct and that the collateral reflected herein complies with and conforms to the Eligibility Criteria set forth in Exhibit I to the Revolving Loan and Security Agreement between the Borrowers and White Oak Healthcare Finance, LLC, a Delaware limited liability company ("WOHCF"), and any supplements and amendments, if any, thereto (the "Agreement"; capitalized terms used herein and not otherwise defined are as defined in the agreement). The undersigned, on behalf of the Borrowers, promises to pay to WOHCF the new loan balances reflected above, plus interest, as set forth in the Agreement.

  Events of Default have occurred and are continuing under the Loan Agreement, including pursuant to (a) Sections 11.1(8) and 11.1(18) of the Loan Agreement as a result of events of default that have occurred under the MPT Lease Agreements and MPT Debt Agreements, including as a result of (i) a breach by the Borrowers of the financial covenants contained in the MPT Debt Agreements and MPT Lease Agreements tested on December 31, 2017, March 31, 2018, June 30, 2018, and September 30, 2018, (ii) the Borrowers failure to make payment of base rent and reserve deposits due November 1, 2018, December 1, 2018, January 1, 2019 and February 1, 2019 under the MPT Lease Agreements, and (iii) the Borrowers failure to make principal and interest payments due November 1, 2018, December 1, 2018, January 1, 2019 and February 1, 2019 under the MPT Debt Agreements, in each case as detailed in the notices of default delivered by MPT on or prior to the date hereof, and (b) Section 11.1(5) of the Loan Agreement as a result of the Borrowers failure to (i) be in compliance with the Financial Covenants set forth in Sections 10.2, 10.3 and 10.4 of the Loan Agreement for three-month periods ended December 31, 2017 and the last day of each calendar month and/or calendar quarter, as applicable, thereafter, (ii) be in compliance with the Financial Covenants set forth in Section 10.1 of the Loan Agreement from and after February 28, 2018, (iii) deliver the required financial statements required under Section 8.5(2) of the Loan Agreement for the 2017 fiscal year of the Borrowers, and all related reporting required pursuant to Section 8.5, (iv) deliver the required items under Section 8.5 of the Loan Agreement in a timely and accurate manner, and (v) timely make payment of payroll taxes, sales and use taxes and hospital taxes and the resulting Liens in breach of Section 9.5 of the

  The undersigned represents and warrants as follows: (1) that as of the date hereof, except with respect to those Events of Default that have occurred under Section 11.1(5)(A) as a result of the failure of the Borrower Representative and its Subsidiaries to comply with Sections 10.2, 10.3 and 10.4 of the Agreement since December 31, 2017, (A) each Borrower is in compliance with each of the terms, covenants, and conditions set forth in the Agreement and that no Default or Event of Default exists or is continuing under the Agreement, and (B) if this Borrowing base is being delivered in connection with a request for a Revolving Advance, the representations, warranties and covenants contained in articles 7, 8, 9, and 10 of the Agreement are and will be true, correct and in compliance both before and after giving effect to the Revolving Advance requested herein and the application of the proceeds thereof, as though made on and as of such date (it being understood and agreed that any representation or warranty which by its terms is made on a specified date shall be required to be true and correct only as of such specified date); (2) that within 90 days preceding and through the date hereof, no Borrower is aware of receiving any notice from any state or federal regulatory or law enforcement agency citing specific deficiencies that (x) pose immediate jeopardy to the health or safety of the patients in any of any Borrower's facilities; or (y) would otherwise threaten any Borrower's continued participation in the Medicare, Medicaid, and/or any other applicable government program; and (3) that within 90 days preceding and through the date hereof, no Borrower is aware of being subject to any investigatory visits by or received any correspondence from any state or federal agency alleging possible improper billing or claims activity, and (4) that the aggregate amount of any third-party liability, including any cost report settlement liability, or recoupment or setoff arising from a RAC Audit and owing to Medicare/Medicaid is as follows:

  Liability:  $   7,266,488.00

As of the date hereof, no Borrowers have diverted or permitted to be diverted any such payments on Receivables from the Lockbox Accounts or issued any Revocation Orders.

As of the date hereof, Borrowers have paid all taxes (payroll or other) due and payable as of the borrowing date noted above, except as follows:

| Tax Description | Tax Due Date | Facility | Delinquent Amount (full amount) |
|---|---|---|---|
| Property Taxes | 12/31/2018 | Ohio Valley & EORH | $1,440,830.00 |
| State Tax Liens | 10/18/2018 | FRMC | $133,415.49 |
| Delinquent Taxes | 1/0/1900 | WNJ | $1,679,000.00 |
| Federal Taxes | 3/8/2019 | WNJ | $294,811.68 |
| Federal Taxes | 3/22/2019 | WNJ | $274,386.50 |
| Federal Taxes | 4/5/2019 | WNJ | $283,041.34 |
| Federal Taxes | 4/19/2019 | WNJ | $282,078.81 |
| State Taxes | 5/3/2019 | WNJ | $2,015.00 |
| State Taxes | 5/31/19 - unpaid tax liability | WNJ | $2,132.00 |
| Property Taxes | 1/0/1900 | WNJ | $1,079,768.45 |
| Federal Taxes | 3/29/2019 | OVMC | $593,493.64 |
| Federal Taxes | 4/12/2019 | OVMC | $558,604.77 |
| Federal Taxes | 4/26/2019 | OVMC | $551,624.28 |
| State Taxes | 4/12/2019 | OVMC | $73,209.54 |
| State Taxes | 4/26/2019 | OVMC | $72,795.47 |
| State Taxes | 5/10/19 - unpaid tax liability | OVMC | $41,985.98 |
| State Taxes | 5/24/19 - unpaid tax liability | OVMC | $72,731.29 |
| Federal Taxes | 3/15/2019 | OMC | $388,313.07 |
| Federal Taxes | 3/29/2019 | OMC | $399,583.95 |
| Federal Taxes | 4/12/2019 | OMC | $389,222.56 |
| Federal Taxes | 4/26/2019 | OMC | $380,451.25 |
| State Taxes | 3/15/2019 | OMC | $79,519.85 |
| State Taxes | 3/29/2019 | OMC | $83,105.89 |
| State Taxes | 4/12/2019 | OMC | $80,025.19 |
| State Taxes | 4/26/2019 | OMC | $76,928.37 |
| Federal Taxes | 3/1/2019 | FRMC | $250,222.76 |
| Federal Taxes | 3/15/2019 | FRMC | $233,008.29 |
| Federal Taxes | 3/29/2019 | FRMC | $234,552.45 |
| Federal Taxes | 4/12/2019 | FRMC | $241,565.54 |
| Federal Taxes | 4/26/2019 | FRMC | $233,269.37 |
| State Taxes | 4/12/2019 | FRMC | $41,420.31 |
| State Taxes | 4/26/2019 | FRMC | $40,149.34 |
| State Taxes | 5/10/19 - unpaid tax liability | FRMC | $39,337.53 |
| State Taxes | 5/24/19 - unpaid tax liability | FRMC | $39,944.81 |
| Federal Taxes | 3/1/2019 | FRMC (FPHY) | $17,997.34 |
| Federal Taxes | 3/15/2019 | FRMC (FPHY) | $16,539.60 |
| Federal Taxes | 3/29/2019 | FRMC (FPHY) | $17,354.00 |
| Federal Taxes | 4/12/2019 | FRMC (FPHY) | $31,383.75 |

Alecto Healthcare Services                                       Borrowing Base Certificate                                     2/4

**EXHIBIT B**
DEFENDENTS_017063

**White Oak Healthcare Finance LLC**
**Borrowing Base Report**

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

| Borrower: | Alecto Healthcare Services | | | | Sherman, Olympia, Fairmount | Ohio/Wheeling | Total |
|---|---|---|---|---|---|---|---|
| Report Submission Date: | July 5, 2019 | Report No.: | 609 | | | | |
| Daily as of: | July 3, 2019 | | | | | | |
| Federal Taxes | 4/26/2019 | FRMC (FPHY) | $27,430.92 | | | | |
| State Taxes | 2/1/2019 | FRMC (FPHY) | $3,210.19 | | | | |

Alecto Healthcare Services — Borrowing Base Certificate — 3/4

**EXHIBIT B**
DEFENDENTS_017064

White Oak Healthcare Finance LLC
Borrowing Base Report

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

| Borrower: | Alecto Healthcare Services | | | Sherman, Olympia, Fairmount | Ohio/Wheeling | Total |
|---|---|---|---|---|---|---|
| Report Submission Date: | July 5, 2019 | Report No.: | 609 | | | |
| Daily as of: | July 3, 2019 | | | | | |

| | | | |
|---|---|---|---|
| State Taxes | 2/15/2019 | FRMC (FPHY) | $3,166.32 |
| State Taxes | 3/1/2019 | FRMC (FPHY) | $2,886.62 |
| State Taxes | 3/15/2019 | FRMC (FPHY) | $2,662.78 |
| State Taxes | 3/29/2019 | FRMC (FPHY) | $2,872.89 |
| State Taxes | 4/12/2019 | FRMC (FPHY) | $5,294.24 |
| State Taxes | 4/26/2019 | FRMC (FPHY) | $4,967.22 |
| State Taxes | 5/10/19 - unpaid tax liability | FRMC (FPHY) | $3,554.69 |
| State Taxes | 5/24/19 - unpaid tax liability | FRMC (FPHY) | $3,138.94 |

| Authorized Signature | Title | Date |
|---|---|---|
| [signature] | CFO | 7/5/19 |

The Borrowers hereby agree and acknowledge that certain Events of Default have occurred and are continuing and, as a result of the Events of Default, the Agent and the Lenders are entitled to exercise rights and remedies under the Loan Agreement and the other Loan Documents. Any continued discretionary funding of Revolving Advances (including any Revolving Advance being requested as of the date hereof) under the Loan Agreement, notwithstanding the occurrence of the Events of Default, (1) shall not be deemed to (i) establish any course of dealing or course of performance, (ii) act as or be construed as a waiver of rights by Agent or the Lenders to enforce the terms of the Loan Agreement or (iii) create any obligation of any nature whatsoever on the Lenders to make further Revolving Advances. No failure on the part of the Agent or any Lender to exercise, and no delay in exercising, any right, power or remedy shall operate as a waiver thereof, nor shall any single or partial exercise of any such right, power or remedy preclude any other or further exercise thereof or the exercise of any other right, power or remedy, (2) shall in no way be construed as an acquiescence to or waiver of any of the Events of Default or as a waiver of or an election not to exercise any of the Agent's and the Lenders' rights and remedies under the Loan Agreement or the other Loan Documents, and (3) shall not preclude the Agent and the Lenders from exercising, at any time and in their sole and absolute discretion, all of the rights and remedies under the Loan Agreement and the other Loan Documents at any time, including the right to exercise any and all rights and remedies available at law, in equity, under the Loan Agreement or under any of the other Loan Documents.

**EXHIBIT B**
DEFENDENTS_017065

SCHEDULE 1
TO
REVOLVING CREDIT AND SECURITY AGREEMENT FOR
Alecto Healthcare Services LLC

BORROWING CERTIFICATE

AS OF 7/10/2019

| | Section A: A/R Availability | Medicare | Medicaid | Medicaid Managed Care | Medicare Managed Care | Commercial | Private Pay | Total |
|---|---|---|---|---|---|---|---|---|
| A | | | | | | | | |
| 1 | Beginning AR | 54,240,440 | 33,823,950 | 40,223,804 | 15,446,769 | 48,785,688 | 95,434,353 | 287,955,005 |
| 2 | (+) Sales (New Collateral) | - | - | - | - | - | - | - |
| 3 | (+/-) Debit/Credit Memos | - | - | - | - | - | - | - |
| 4 | (+/-) Adjustments | (794,160) | 317,709 | (3,978,423) | (5,222,843) | 5,882,771 | 754,528 | (3,040,418) |
| 5 | (-) Posted AR Collections | - | - | - | - | - | - | - |
| 6 | Ending AR | 55,034,600 | 33,506,241 | 44,202,228 | 20,669,612 | 42,902,918 | 94,679,825 | 290,995,424 |
| 7 | Ineligible Receivables (A) | 10,426,250 | 12,680,085 | 12,042,156 | 4,463,997 | 12,585,499 | 94,679,825 | 146,877,813 |
| 8 | Eligible AR | 44,608,350 | 20,826,156 | 32,160,071 | 16,205,615 | 30,317,418 | - | 144,117,611 |
| 9 | ENR% | 17% | 17% | 14% | 15% | 23% | - | 17.22% |
| 10 | Eligible Net Receivables | 7,522,545 | 3,455,275 | 4,385,656 | 2,422,683 | 7,031,087 | - | 24,817,248 |
| 11 | Advance Rate | | | | | | | 85% |
| 12 | Adjusted Net AR Availability | | | | | | | 21,094,660 |
| 13 | (-) Unposted AR Collections / Collateral Impairment | | | | | | | - |
| 14 | A/R Availability | | | | | | | 21,094,660 |

| | | |
|---|---|---|
| AA | Unbilled A/R | |
| 1 | Net Unbilled A/R | 3,278,113 |
| AAA | Phys Group | |
| 1 | Net Unbilled A/R | 1,631,399 |
| AAAA | Anesthesia | |
| 1 | Net Unbilled A/R | 695,134 |
| AAAAA | SNF | |
| 1 | Net Unbilled A/R | 242,186 |

| | | |
|---|---|---|
| B | Section B: Gross Availability | |
| 1 | A/R Availability | 26,941,492 |
| 2 | (-) Reserves | (7,397,253) |
| 3 | Collateral Availability | 19,544,238 |
| 4 | Facility Cap | 30,000,000 |
| 5 | Gross Availability (lesser of Collateral Availability and Facility Cap) | 19,544,238 |

| | | |
|---|---|---|
| C | Section C: Revolving Loan | |
| 1 | Beginning Loan Balance (from previous borrowing certificate) | 19,263,321 |
| 2 | (-) Net A/R Collections (attach reconciliation to lines A5 and A11) | 2,267,148 |
| 3 | (-) Net Non-A/R Collections (attach supporting detail) | - |
| 4 | (+) Interest | - |
| 5 | (+) Fees | 450 |
| 6 | (+/-) Overadvance / Term Loan (Draws) / Paydowns | - |
| 7 | (+) Advance Request | 2,000,000 |
| 8 | Ending Loan Balance | 18,996,622 |
| 9 | Net Availability (Gross Availability less Ending Loan Balance) | 547,616 |

| | | |
|---|---|---|
| D | Section D: Unapplied Cash Calculation | |
| 1 | Lifetime Posted Payments | - |
| 2 | Lifetime Lockbox Receipts | - |
| 3 | Variance | - |
| 4 | Unapplied Cash to Line A13 of BBC | - |

The undersigned hereby certifies to CNH Finance Fund I, L.P. ("CNH") that:

I am certifying the following facts and making and delivering this Borrowing Base Certificate pursuant to that certain Credit and Security Agreement, dated as of [Date] (as the same may be amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") between [Name of Borrower] ("Borrower") and CNH. Capitalized terms used in this certificate have the same meaning as set forth in the Credit Agreement.

All information contained in this Borrowing Base Certificate is true, correct, and complete as of the date hereof. All representations and warranties made by Borrower in the Credit Agreement are true and correct on and as of the date hereof as if such representations and warranties had been made as of the date hereof.

No Default or Event of Default has occurred and is continuing or will exist after giving effect to the Advance requested hereby.

Borrower has performed and complied with all agreements and conditions required under Article IV of the Credit Agreement to be performed or complied with by it on or prior to the funding of the Advance requested hereby.

There have been no modifications to reimbursement rates or other contractual arrangements that would adversely affect the valuation or collectability of the Accounts. There are no offsets, setoffs, counterclaims, disputes or defenses of any kind from any Account Debtor against any Account classified as an Eligible Receivable. All Accounts classified as Eligible Receivables and Ineligible Receivables in this Borrowing Base Certificate are properly so classified.

The Borrower has directed all Account Debtors to deliver all payments on the Accounts to the proper Controlled Deposit Account (including any Lockbox Account) as specified in the Credit Agreement and has identified such Controlled Deposit Account as the account to which all payments are to be sent on all invoices for Accounts with Dates of Service after the date of the Credit Agreement. All Accounts reflected in the Borrower's most recently submitted Accounts Receivable Aging Report are the subject of properly and validly billed invoices for services provided and goods sold by the applicable Borrower in the ordinary course of business. The aging buckets in this Borrowing Base Certificate reflect the number of days the Accounts have been outstanding subsequent to their respective Dates of Service. All collections on Accounts have been applied to the proper invoices resulting in accurate aging totals for each aging bucket. There are no known duplicate or fictitious claims or invoices included in the Accounts. The Borrower has not diverted or permitted to be diverted any such payments on Accounts to a deposit account other than the proper Controlled Deposit Account as required by Section 2.5 of the Credit Agreement. No collections on Accounts have been received that have not been applied to reduce the Accounts.

Records regarding all Inventory are maintained on a perpetual inventory system, and all Inventory reflected in the Borrower's most recently submitted inventory report is bona fide Inventory, saleable in the ordinary course of Borrower's business. All such Inventory is owned by Borrower and is in Borrower's possession. There are no known duplicate or fictitious items included in the Inventory. All Inventory included in the Borrowing Base is either: (i) held by Borrower free and clear of all liens and encumbrances by vendors of such Inventory; or (ii) subject to a Subordination Agreement between Lender, Borrower and the vendor of any such Inventory.

All Accounts owned by the undersigned, free and clear of all liens, security interests, claims, charges, or trusts, legal or equitable, now existing or which might arise with the passage of time, other than as set forth in the Credit Agreement.

The Borrower has deposited all state and federal payroll withholding taxes required with respect to each payroll period through the most recent payroll period.

After CNH makes the Advance requested hereby, the aggregate amount of the Loan will not exceed the Revolving Loan Limit.

Signed:
Name: Michael J Sarrao
Date: 7/10/19                    July 10, 2019



EXHIBIT B
DEFENDENTS_017066

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

BORROWING CERTIFICATE
Dated as of July 16, 2019

The undersigned hereby certifies to CNH Finance Fund I, L.P. ("CNH") that:

1. I am certifying the following facts and making and delivering this Borrowing Base Certificate pursuant to that certain Credit and Security Agreement, dated as of July 8, 2019 (as the same may be, amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") between Alecto Healthcare Services LLC, a Delaware limited liability company and those entities listed on the signature page hereto ("Borrowers") and CNH. Capitalized terms used in this certificate have the same meaning as set forth in the Credit Agreement.

2. All information contained in this Borrowing Base Certificate is true, correct, and complete as of the date hereof. All representations and warranties made by Borrowers in the Credit Agreement are true and correct on and as of the date hereof as if such representations and warranties had been made as of the date hereof.

3. No Default or Event of Default has occurred and is continuing or will exist after giving effect to the Advance requested hereby.

4. Borrowers have performed and complied with all agreements and conditions required under Article IV of the Credit Agreement to be performed or complied with by it on or prior to the funding of the Advance requested hereby.

5. There have been no modifications to reimbursement rates or other contractual arrangements that would adversely affect the valuation or collectability of the Accounts. There are no offsets, setoffs, counterclaims, disputes or defenses of any kind from any Account Debtor against any Account classified as an Eligible Receivable. All Accounts classified as Eligible Receivables and Ineligible Receivables in this Borrowing Base Certificate are properly so classified.

6. The Borrowers have directed all Account Debtors to deliver all payments on the Accounts to the proper Controlled Deposit Account (including any Lockbox Account) as specified in the Credit Agreement and has identified such Controlled Deposit Account as the account to which all payments are to be sent on all invoices for Accounts with Dates of Service after the date of the Credit Agreement. All Accounts reflected in the Borrowers' most recently submitted Accounts Receivable Aging Report are the subject of properly and validly billed invoices for services provided and goods sold by the applicable Borrower in the ordinary course of business. The aging buckets in this Borrowing Base Certificate reflect the number of days the Accounts have been outstanding subsequent to their respective Dates of Service. All collections on Accounts have been applied to the proper invoices resulting in accurate aging totals for each aging bucket. There are no known duplicate or fictitious claims or invoices included in the Accounts. The Borrowers have

**EXHIBIT B**
DEFENDENTS_017067

not diverted or permitted to be diverted any such payments on Accounts to a deposit account other than the proper Controlled Deposit Account as required by Section 2.5 of the Credit Agreement. No collections on Accounts have been received that have not been applied to reduce the Accounts.

7. All Accounts owned by the undersigned, free and clear of all liens, security interests, claims, charges, or trusts, legal or equitable, now existing or which might arise with the passage of time, other than as set forth in the Credit Agreement.

8. The Borrowers have deposited all state and federal payroll withholding taxes required with respect to each payroll period through the most recent payroll period.

9. After CNH makes the Advance requested hereby, the aggregate amount of the Loan will not exceed the Revolving Loan Limit.

Alecto Healthcare Services LLC on behalf of itself and as Authorized Representative of each Borrower identified below

Signature: _[signature]_

Name/Title: Michael Sarria, EVP

Borrowers: Alecto Healthcare Services LLC, Alecto Healthcare Services Hayward LLC, Alecto Healthcare Services Sherman LLC, Sherman/Grayson Sponsor, LLC, Sherman/Grayson Hospital, LLC, Sherman/Grayson Health Services, LLC, Sherman MD Provider, Inc., Sherman Anesthesia, Inc., Alecto Healthcare Services Fairmont LLC, FRMC Physicians, Inc., Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC, Alecto Healthcare Services Martin's Ferry LLC, Alecto East Ohio Physicians, Inc., Alecto Healthcare Services Los Angeles LLC, Olympia Health Care, LLC, and Horizon Real Estate Holdings, LLC

**EXHIBIT B**

DEFENDENTS_017068

SCHEDULE 1
TO
REVOLVING CREDIT AND SECURITY AGREEMENT FOR
Alecto Healthcare Services LLC

BORROWING CERTIFICATE

AS OF 7/15/2019

| | | Medicare | Medicaid | Medicaid Managed Care | Medicare Managed Care | Commercial | Private Pay | Total |
|---|---|---|---|---|---|---|---|---|
| A | Section A: A/R Availability | | | | | | | |
| 1 | Beginning AR | 55,034,600 | 33,506,241 | 44,202,228 | 20,669,612 | 42,902,918 | 94,679,825 | 290,995,424 |
| 2 | (+) Sales (New Collateral) | - | - | - | - | - | - | - |
| 3 | (+/-) Debit/Credit Memos | - | - | - | - | - | - | - |
| 4 | (+/-) Adjustments | - | - | - | - | - | - | - |
| 5 | (-) Posted AR Collections | - | - | - | - | - | - | - |
| 6 | Ending AR | 55,034,600 | 33,506,241 | 44,202,228 | 20,669,612 | 42,902,918 | 94,679,825 | 290,995,424 |
| 7 | Ineligible Receivables (A) | 10,426,250 | 12,680,085 | 12,042,156 | 4,463,997 | 12,585,499 | 94,679,825 | 146,877,813 |
| 8 | Eligible AR | 44,608,350 | 20,826,156 | 32,160,071 | 16,205,615 | 30,317,418 | - | 144,117,611 |
| 9 | ENR% | 17% | 17% | 14% | 15% | 23% | - | 17.22% |
| 10 | Eligible Net Receivables | 7,522,545 | 3,455,275 | 4,385,656 | 2,422,683 | 7,031,087 | - | 24,817,248 |
| 11 | Advance Rate | | | | | | | 85% |
| 12 | Adjusted Net AR Availability | | | | | | | 21,094,660 |
| 13 | (-) Unposted AR Collections / Collateral Impairment | | | | | | | - |
| 14 | A/R Availability | | | | | | | 21,094,660 |
| AA | Unbilled A/R | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 3,278,113 |
| AAA | Phys Group | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 1,631,399 |
| AAAA | Anesthesia | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 695,134 |
| AAAAA | SNF | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 242,186 |
| B | Section B: Gross Availability | | | | | | | |
| 1 | A/R Availability | | | | | | | 26,941,492 |
| 2 | (-) Reserves | | | | | | | (7,397,253) |
| 3 | Collateral Availability | | | | | | | 19,544,238 |
| 4 | Facility Cap | | | | | | | 30,000,000 |
| 5 | Gross Availability (lesser of Collateral Availability and Facility Cap) | | | | | | | 19,544,238 |
| C | Section C: Revolving Loan | | | | | | | |
| 1 | Beginning Loan Balance (from previous borrowing certificate) | | | | | | | 18,570,290 |
| 2 | (-) Net A/R Collections (attach reconciliation to lines A5 and A11) | | | | | | | 1,424,264 |
| 3 | (-) Net Non-A/R Collections (attach supporting detail) | | | | | | | - |
| 4 | (+) Interest | | | | | | | - |
| 5 | (+) Fees | | | | | | | 150 |
| 6 | (+/-) Overadvance / Term Loan (Draws) / Paydowns | | | | | | | - |
| 7 | (+) Advance Request | | | | | | | 900,000 |
| 8 | Ending Loan Balance | | | | | | | 18,046,176 |
| 9 | Net Availability (Gross Availability less Ending Loan Balance) | | | | | | | 1,498,063 |
| D | Section D: Unapplied Cash Calculation | | | | | | | |
| 1 | Lifetime Posted Payments | | | | | | | - |
| 2 | Lifetime Lockbox Receipts | | | | | | | - |
| 3 | Variance | | | | | | | - |
| 4 | Unapplied Cash to Line A13 of BBC | | | | | | | - |

The undersigned hereby certifies to CNH Finance Fund I, L.P. ("CNH") that:
I am certifying the following facts and making and delivering this Borrowing Base Certificate pursuant to that certain Credit and Security Agreement, dated as of [Date] (as the same may be, amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") between [Name of Borrower] ("Borrower") and CNH. Capitalized terms used in this certificate have the same meaning as set forth in the Credit Agreement.

All information contained in this Borrowing Base Certificate is true, correct, and complete as of the date hereof. All representations and warranties made by Borrower in the Credit Agreement are true and correct on and as of the date hereof as if such representations and warranties had been made as of the date hereof.

No Default or Event of Default has occurred and is continuing or will exist after giving effect to the Advance requested hereby.

Borrower has performed and complied with all agreements and conditions required under Article IV of the Credit Agreement to be performed or complied with by it on or prior to the funding of the Advance requested hereby.

There have been no modifications to reimbursement rates or other contractual arrangements that would adversely affect the valuation or collectability of the Accounts. There are no offsets, setoffs, counterclaims, disputes or defenses of any kind from any Account Debtor against any Account classified as an Eligible Receivable. All Accounts classified as Eligible Receivables and Ineligible Receivables in this Borrowing Base Certificate are properly so classified.

The Borrower has directed all Account Debtors to deliver all payments on the Accounts to the proper Controlled Deposit Account (including any Lockbox Account) as specified in the Credit Agreement and has identified such Controlled Deposit Account as the account to which all payments are to be sent on all invoices for Accounts with Dates of Service after the date of the Credit Agreement. All Accounts reflected in the Borrower's most recently submitted Accounts Receivable Aging Report are the subject of properly and validly billed invoices for services provided and goods sold by the applicable Borrower in the ordinary course of business. The aging buckets in this Borrowing Base Certificate reflect the number of days the Accounts have been outstanding subsequent to their respective Dates of Service. All collections on Accounts have been applied to the proper invoices resulting in accurate aging totals for each aging bucket. There are no known duplicate or fictitious claims or invoices included in the Accounts. The Borrower has not diverted or permitted to be diverted any such payments on Accounts to a deposit account other than the proper Controlled Deposit Account as required by Section 2.5 of the Credit Agreement. No collections on Accounts have been received that have not been applied to reduce the Accounts.

Records regarding all Inventory are maintained on a perpetual inventory system, and all Inventory reflected in the Borrower's most recently submitted inventory report is bona fide Inventory, saleable in the ordinary course of Borrower's business. All such Inventory is owned by Borrower and is in Borrower's possession. There are no known duplicate or fictitious items included in the Inventory. All Inventory included in the Borrowing Base is either: (i) held by Borrower free and clear of all liens and encumbrances by vendors of such Inventory; or (ii) subject to a Subordination Agreement between Lender, Borrower and the vendor of any such Inventory.

All Accounts owned by the undersigned, free and clear of all liens, security interests, claims, charges, or trusts, legal or equitable, now existing or which might arise with the passage of time, other than as set forth in the Credit Agreement.

The Borrower has deposited all state and federal payroll withholding taxes required with respect to each payroll period through the most recent payroll period.

After CNH makes the Advance requested hereby, the aggregate amount of the Loan will not exceed the Revolving Loan Limit.

Signed:
Name:
Date: July 15, 2019

**EXHIBIT B**
DEFENDENTS_017069

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

BORROWING CERTIFICATE
Dated as of July 15, 2019

The undersigned hereby certifies to CNH Finance Fund I, L.P. ("CNH") that:

1. I am certifying the following facts and making and delivering this Borrowing Base Certificate pursuant to that certain Credit and Security Agreement, dated as of July 8, 2019 (as the same may be, amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") between Alecto Healthcare Services LLC, a Delaware limited liability company and those entities listed on the signature page hereto ("Borrowers") and CNH. Capitalized terms used in this certificate have the same meaning as set forth in the Credit Agreement.

2. All information contained in this Borrowing Base Certificate is true, correct, and complete as of the date hereof. All representations and warranties made by Borrowers in the Credit Agreement are true and correct on and as of the date hereof as if such representations and warranties had been made as of the date hereof.

3. No Default or Event of Default has occurred and is continuing or will exist after giving effect to the Advance requested hereby.

4. Borrowers have performed and complied with all agreements and conditions required under Article IV of the Credit Agreement to be performed or complied with by it on or prior to the funding of the Advance requested hereby.

5. There have been no modifications to reimbursement rates or other contractual arrangements that would adversely affect the valuation or collectability of the Accounts. There are no offsets, setoffs, counterclaims, disputes or defenses of any kind from any Account Debtor against any Account classified as an Eligible Receivable. All Accounts classified as Eligible Receivables and Ineligible Receivables in this Borrowing Base Certificate are properly so classified.

6. The Borrowers have directed all Account Debtors to deliver all payments on the Accounts to the proper Controlled Deposit Account (including any Lockbox Account) as specified in the Credit Agreement and has identified such Controlled Deposit Account as the account to which all payments are to be sent on all invoices for Accounts with Dates of Service after the date of the Credit Agreement. All Accounts reflected in the Borrowers' most recently submitted Accounts Receivable Aging Report are the subject of properly and validly billed invoices for services provided and goods sold by the applicable Borrower in the ordinary course of business. The aging buckets in this Borrowing Base Certificate reflect the number of days the Accounts have been outstanding subsequent to their respective Dates of Service. All collections on Accounts have been applied to the proper invoices resulting in accurate aging totals for each aging bucket. There are no known duplicate or fictitious claims or invoices included in the Accounts. The Borrowers have

**EXHIBIT B**
DEFENDENTS_017070

not diverted or permitted to be diverted any such payments on Accounts to a deposit account other than the proper Controlled Deposit Account as required by Section 2.5 of the Credit Agreement. No collections on Accounts have been received that have not been applied to reduce the Accounts.

7. All Accounts owned by the undersigned, free and clear of all liens, security interests, claims, charges, or trusts, legal or equitable, now existing or which might arise with the passage of time, other than as set forth in the Credit Agreement.

8. The Borrowers have deposited all state and federal payroll withholding taxes required with respect to each payroll period through the most recent payroll period.

9. After CNH makes the Advance requested hereby, the aggregate amount of the Loan will not exceed the Revolving Loan Limit.

Alecto Healthcare Services LLC on behalf of itself and as Authorized Representative of each Borrower identified below

Signature: _____

Name/Title: __Director of Finance / Jeff Mick__

Borrowers: Alecto Healthcare Services LLC, Alecto Healthcare Services Hayward LLC, Alecto Healthcare Services Sherman LLC, Sherman/Grayson Sponsor, LLC, Sherman/Grayson Hospital, LLC, Sherman/Grayson Health Services, LLC, Sherman MD Provider, Inc., Sherman Anesthesia, Inc., Alecto Healthcare Services Fairmont LLC, FRMC Physicians, Inc., Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC, Alecto Healthcare Services Martin's Ferry LLC, Alecto East Ohio Physicians, Inc., Alecto Healthcare Services Los Angeles LLC, Olympia Health Care, LLC, and Horizon Real Estate Holdings, LLC

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

BORROWING CERTIFICATE
Dated as of July 16, 2019

The undersigned hereby certifies to CNH Finance Fund I, L.P. ("CNH") that:

1. I am certifying the following facts and making and delivering this Borrowing Base Certificate pursuant to that certain Credit and Security Agreement, dated as of July 8, 2019 (as the same may be, amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") between Alecto Healthcare Services LLC, a Delaware limited liability company and those entities listed on the signature page hereto ("Borrowers") and CNH. Capitalized terms used in this certificate have the same meaning as set forth in the Credit Agreement.

2. All information contained in this Borrowing Base Certificate is true, correct, and complete as of the date hereof. All representations and warranties made by Borrowers in the Credit Agreement are true and correct on and as of the date hereof as if such representations and warranties had been made as of the date hereof.

3. No Default or Event of Default has occurred and is continuing or will exist after giving effect to the Advance requested hereby.

4. Borrowers have performed and complied with all agreements and conditions required under Article IV of the Credit Agreement to be performed or complied with by it on or prior to the funding of the Advance requested hereby.

5. There have been no modifications to reimbursement rates or other contractual arrangements that would adversely affect the valuation or collectability of the Accounts. There are no offsets, setoffs, counterclaims, disputes or defenses of any kind from any Account Debtor against any Account classified as an Eligible Receivable. All Accounts classified as Eligible Receivables and Ineligible Receivables in this Borrowing Base Certificate are properly so classified.

6. The Borrowers have directed all Account Debtors to deliver all payments on the Accounts to the proper Controlled Deposit Account (including any Lockbox Account) as specified in the Credit Agreement and has identified such Controlled Deposit Account as the account to which all payments are to be sent on all invoices for Accounts with Dates of Service after the date of the Credit Agreement. All Accounts reflected in the Borrowers' most recently submitted Accounts Receivable Aging Report are the subject of properly and validly billed invoices for services provided and goods sold by the applicable Borrower in the ordinary course of business. The aging buckets in this Borrowing Base Certificate reflect the number of days the Accounts have been outstanding subsequent to their respective Dates of Service. All collections on Accounts have been applied to the proper invoices resulting in accurate aging totals for each aging bucket. There are no known duplicate or fictitious claims or invoices included in the Accounts. The Borrowers have

EXHIBIT B
DEFENDENTS_017072

not diverted or permitted to be diverted any such payments on Accounts to a deposit account other than the proper Controlled Deposit Account as required by Section 2.5 of the Credit Agreement. No collections on Accounts have been received that have not been applied to reduce the Accounts.

7. All Accounts owned by the undersigned, free and clear of all liens, security interests, claims, charges, or trusts, legal or equitable, now existing or which might arise with the passage of time, other than as set forth in the Credit Agreement.

8. The Borrowers have deposited all state and federal payroll withholding taxes required with respect to each payroll period through the most recent payroll period.

9. After CNH makes the Advance requested hereby, the aggregate amount of the Loan will not exceed the Revolving Loan Limit.

Alecto Healthcare Services LLC on behalf of itself and as Authorized Representative of each Borrower identified below

Signature: _____

Name/Title: Jeff Meek / Director of Finance

Borrowers: Alecto Healthcare Services LLC, Alecto Healthcare Services Hayward LLC, Alecto Healthcare Services Sherman LLC, Sherman/Grayson Sponsor, LLC, Sherman/Grayson Hospital, LLC, Sherman/Grayson Health Services, LLC, Sherman MD Provider, Inc., Sherman Anesthesia, Inc., Alecto Healthcare Services Fairmont LLC, FRMC Physicians, Inc., Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC, Alecto Healthcare Services Martin's Ferry LLC, Alecto East Ohio Physicians, Inc., Alecto Healthcare Services Los Angeles LLC, Olympia Health Care, LLC, and Horizon Real Estate Holdings, LLC

SCHEDULE 1
TO
REVOLVING CREDIT AND SECURITY AGREEMENT FOR
Alecto Healthcare Services LLC

BORROWING CERTIFICATE

AS OF 7/16/2019

| | | Medicare | Medicaid | Medicaid Managed Care | Medicare Managed Care | Commercial | Private Pay | Total |
|---|---|---|---|---|---|---|---|---|
| A | Section A: A/R Availability | | | | | | | |
| 1 | Beginning AR | 55,034,600 | 33,506,241 | 44,202,228 | 20,669,612 | 42,902,918 | 94,679,825 | 290,995,424 |
| 2 | (+) Sales (New Collateral) | - | - | - | - | - | - | - |
| 3 | (+/-) Debit/Credit Memos | - | - | - | - | - | - | - |
| 4 | (+/-) Adjustments | 8,183,470 | 8,947,934 | (8,244,132) | (6,444,855) | (43,759) | 674,853 | 3,073,511 |
| 5 | (-) Posted AR Collections | - | - | - | - | - | - | - |
| 6 | Ending AR | 46,851,130 | 24,558,307 | 52,446,360 | 27,114,467 | 42,946,677 | 94,004,972 | 287,921,913 |
| 7 | Ineligible Receivables (A) | 8,165,874 | 9,313,642 | 14,857,440 | 5,709,323 | 12,565,724 | 94,004,972 | 144,616,975 |
| 8 | Eligible AR | 38,685,256 | 15,244,665 | 37,588,920 | 21,405,144 | 30,380,953 | - | 143,304,937 |
| 9 | ENR% | 16% | 15% | 17% | 19% | 20% | - | 17.41% |
| 10 | Eligible Net Receivables | 6,231,050 | 2,325,537 | 6,204,321 | 4,164,525 | 6,021,031 | - | 24,946,464 |
| 11 | Advance Rate | | | | | | | 85% |
| 12 | Adjusted Net AR Availability | | | | | | | 21,204,494 |
| 13 | (-) Unposted AR Collections / Collateral Impairment | | | | | | | - |
| 14 | A/R Availability | | | | | | | 21,204,494 |
| | | | | | | | | |
| AA | Unbilled A/R | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 3,278,113 |
| | | | | | | | | |
| AAA | Phys Group | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 1,631,399 |
| | | | | | | | | |
| AAAA | Anesthesia | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 695,134 |
| | | | | | | | | |
| AAAAA | SNF | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 242,186 |
| | | | | | | | | |
| B | Section B: Gross Availability | | | | | | | |
| 1 | A/R Availability | | | | | | | 27,051,325 |
| 2 | (-) Reserves | | | | | | | (7,397,253) |
| 3 | Collateral Availability | | | | | | | 19,654,072 |
| 4 | Facility Cap | | | | | | | 30,000,000 |
| 5 | Gross Availability (lesser of Collateral Availability and Facility Cap) | | | | | | | 19,654,072 |
| | | | | | | | | |
| C | Section C: Revolving Loan | | | | | | | |
| 1 | Beginning Loan Balance (from previous borrowing certificate) | | | | | | | 18,046,176 |
| 2 | (-) Net A/R Collections (attach reconciliation to lines A5 and A11) | | | | | | | 1,109,413 |
| 3 | (-) Net Non-A/R Collections (attach supporting detail) | | | | | | | - |
| 4 | (+) Interest | | | | | | | - |
| 5 | (+) Fees | | | | | | | 450 |
| 6 | (+/-) Overadvance / Term Loan (Draws) / Paydowns | | | | | | | - |
| 7 | (+) Advance Request | | | | | | | 1,000,000 |
| 8 | Ending Loan Balance | | | | | | | 17,937,213 |
| 9 | Net Availability (Gross Availability less Ending Loan Balance) | | | | | | | 1,716,859 |
| | | | | | | | | |
| D | Section D: Unapplied Cash Calculation | | | | | | | |
| 1 | Lifetime Posted Payments | | | | | | | - |
| 2 | Lifetime Lockbox Receipts | | | | | | | - |
| 3 | Variance | | | | | | | - |
| 4 | Unapplied Cash to Line A13 of BBC | | | | | | | - |

The undersigned hereby certifies to CNH Finance Fund I, L.P. ("CNH") that:
I am certifying the following facts and making and delivering this Borrowing Base Certificate pursuant to that certain Credit and Security Agreement, dated as of July 8, 2019 (as the same may be, amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") between Alecto Healthcare Services, LLC, Alecto Healthcare Services Hayward LLC, Alecto Healthcare Services Sherman LLC, Sherman/Grayson Sponsor, LLC, Sherman/Grayson Hospital, LLC, Sherman/Grayson Health Services, LLC, Sherman MD Provider, Inc., Sherman Anesthesia, Inc., Alecto Healthcare Services Fairmont LLC, FRMC Physicians, Inc., Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC, Alecto Healthcare Services Martin's Ferry LLC, Alecto East Ohio Physicians, Inc., Alecto Healthcare Services Los Angeles LLC, Olympia Health Care, LLC, and Horizon Real Estate Holdings LLC ("Borrower") and CNH. Capitalized terms used in this certificate have the same meaning as set forth in the Credit Agreement.

All information contained in this Borrowing Base Certificate is true, correct, and complete as of the date hereof. All representations and warranties made by Borrower in the Credit Agreement are true and correct on and as of the date hereof as if such representations and warranties had been made as of the date hereof.

No Default or Event of Default has occurred and is continuing or will exist after giving effect to the Advance requested hereby.

Borrower has performed and complied with all agreements and conditions required under Article IV of the Credit Agreement to be performed or complied with by it on or prior to the funding of the Advance requested hereby.

There have been no modifications to reimbursement rates or other contractual arrangements that would adversely affect the valuation or collectability of the Accounts. There are no offsets, setoffs, counterclaims, disputes or defenses of any kind from any Account Debtor against any Account classified as an Eligible Receivable. All Accounts classified as Eligible Receivables and Ineligible Receivables in this Borrowing Base Certificate are properly so classified.

The Borrower has directed all Account Debtors to deliver all payments on the Accounts to the proper Controlled Deposit Account (including any Lockbox Account) as specified in the Credit Agreement and has identified such Controlled Deposit Account as the account to which all payments are to be sent on all invoices for Accounts with Dates of Service after the date of the Credit Agreement. All Accounts reflected in the Borrower's most recently submitted Accounts Receivable Aging Report are the subject of properly and validly billed invoices for services provided and goods sold by the applicable Borrower in the ordinary course of business. The aging buckets in this Borrowing Base Certificate reflect the number of days the Accounts have been outstanding subsequent to their respective Dates of Service. All collections on Accounts have been applied to the proper invoices resulting in accurate aging totals for each aging bucket. There are no known duplicate or fictitious claims or invoices included in the Accounts. The Borrower has not diverted or permitted to be diverted any such payments on Accounts to a deposit account other than the proper Controlled Deposit Account as required by Section 2.5 of the Credit Agreement. No collections on Accounts have been received that have not been applied to reduce the Accounts.

Records regarding all Inventory are maintained on a perpetual inventory system, and all Inventory reflected in the Borrower's most recently submitted inventory report is bona fide Inventory, saleable in the ordinary course of Borrower's business. All such Inventory is owned by Borrower and is in Borrower's possession. There are no known duplicate or fictitious items included in the Inventory. All Inventory included in the Borrowing Base is either: (i) held by Borrower free and clear of all liens and encumbrances by vendors of such Inventory; or (ii) subject to a Subordination Agreement between Lender, Borrower and the vendor of any such Inventory.

All Accounts owned by the undersigned, free and clear of all liens, security interests, claims, charges, or trusts, legal or equitable, now existing or which might arise with the passage of time, other than as set forth in the Credit Agreement.

The Borrower has deposited all state and federal payroll withholding taxes required with respect to each payroll period through the most recent payroll period.

After CNH makes the Advance requested hereby, the aggregate amount of the Loan will not exceed the Revolving Loan Limit.

Signed:
Name:

Date: July 16, 2019

EXHIBIT B
DEFENDENTS_017074

SCHEDULE 1
TO
REVOLVING CREDIT AND SECURITY AGREEMENT FOR
Alecto Healthcare Services LLC

BORROWING CERTIFICATE

AS OF 7/18/2019

| | | Medicare | Medicaid | Medicaid Managed Care | Medicare Managed Care | Commercial | Private Pay | Total |
|---|---|---|---|---|---|---|---|---|
| A | **Section A: A/R Availability** | | | | | | | |
| 1 | Beginning AR | 46,851,130 | 24,558,307 | 52,446,360 | 27,114,467 | 42,946,677 | 94,004,972 | 287,921,913 |
| 2 | (+) Sales (New Collateral) | - | - | - | - | - | - | - |
| 3 | (+/-) Debit/Credit Memos | - | - | - | - | - | - | - |
| 4 | (+/-) Adjustments | - | - | - | - | - | - | - |
| 5 | (-) Posted AR Collections | - | - | - | - | - | - | - |
| 6 | Ending AR | - | - | - | - | - | - | - |
| 7 | Ineligible Receivables (A) | 46,851,130 | 24,558,307 | 52,446,360 | 27,114,467 | 42,946,677 | 94,004,972 | 287,921,913 |
| 8 | Eligible AR | 8,165,874 | 9,313,642 | 14,857,440 | 5,709,323 | 12,565,724 | 94,004,972 | 144,616,975 |
| 9 | ENR% | 38,685,256 | 15,244,665 | 37,588,920 | 21,405,144 | 30,380,953 | - | 143,304,937 |
| 10 | Eligible Net Receivables | 16% | 15% | 17% | 19% | 20% | - | 17.41% |
| 11 | Advance Rate | 6,231,050 | 2,325,537 | 6,204,321 | 4,164,525 | 6,021,031 | - | 24,946,464 |
| 12 | Adjusted Net AR Availability | | | | | | | 85% |
| 13 | (-) Unposted AR Collections / Collateral Impairment | | | | | | | 21,204,494 |
| 14 | A/R Availability | | | | | | | - |
| | | | | | | | | 21,204,494 |
| AA | **Unbilled A/R** | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 3,278,113 |
| AAA | **Phys Group** | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 1,631,399 |
| AAAA | **Anesthesia** | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 695,134 |
| AAAAA | **SNF** | | | | | | | |
| 1 | Net Unbilled A/R | | | | | | | 242,186 |
| B | **Section B: Gross Availability** | | | | | | | |
| 1 | A/R Availability | | | | | | | |
| 2 | (-) Reserves | | | | | | | |
| 3 | Collateral Availability | | | | | | | 27,051,325 |
| 4 | Facility Cap | | | | | | | (7,397,253) |
| 5 | Gross Availability (lesser of Collateral Availability and Facility Cap) | | | | | | | 19,654,072 |
| | | | | | | | | 30,000,000 |
| | | | | | | | | 19,654,072 |
| C | **Section C: Revolving Loan** | | | | | | | |
| 1 | Beginning Loan Balance (from previous borrowing certificate) | | | | | | | |
| 2 | (-) Net A/R Collections (attach reconciliation to lines A5 and A11) | | | | | | | 17,937,213 |
| 3 | (-) Net Non-A/R Collections (attach supporting detail) | | | | | | | 1,704,393 |
| 4 | (+) Interest | | | | | | | - |
| 5 | (+) Fees | | | | | | | - |
| 6 | (+/-) Overadvance / Term Loan (Draws) / Paydowns | | | | | | | 450 |
| 7 | (+) Advance Request | | | | | | | - |
| 8 | Ending Loan Balance | | | | | | | 3,000,000 |
| 9 | Net Availability (Gross Availability less Ending Loan Balance) | | | | | | | 19,233,270 |
| | | | | | | | | 420,802 |
| D | **Section D: Unapplied Cash Calculation** | | | | | | | |
| 1 | Lifetime Posted Payments | | | | | | | |
| 2 | Lifetime Lockbox Receipts | | | | | | | |
| 3 | Variance | | | | | | | - |
| 4 | Unapplied Cash to Line A13 of BBC | | | | | | | - |

The undersigned hereby certifies to CNH Finance Fund I, L.P. ("CNH") that:
I am certifying the following facts and making and delivering this Borrowing Base Certificate pursuant to that certain Credit and Security Agreement, dated as of July 8, 2019 (as the same may be, amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") between Alecto Healthcare Services, LLC, Alecto Healthcare Services Hayward LLC, Alecto Healthcare Services Sherman LLC, Sherman/Grayson Sponsor, LLC, Sherman/Grayson Hospital, LLC, Sherman/Grayson Health Services, LLC, Sherman MD Provider, Inc., Sherman Anesthesia, Inc., Alecto Healthcare Services Fairmont LLC, FRMC Physicians, Inc., Alecto Healthcare Services Ohio Valley LLC, Alecto Healthcare Services Wheeling LLC, Alecto Healthcare Services Martin's Ferry LLC, Alecto East Ohio Physicians, Inc., Alecto Healthcare Services Los Angeles LLC, Olympia Health Care, LLC, and Horizon Real Estate Holdings LLC ("Borrower") and CNH. Capitalized terms used in this certificate have the same meaning as set forth in the Credit Agreement.

All information contained in this Borrowing Base Certificate is true, correct, and complete as of the date hereof. All representations and warranties made by Borrower in the Credit Agreement are true and correct on and as of the date hereof as if such representations and warranties had been made as of the date hereof.

No Default or Event of Default has occurred and is continuing or will exist after giving effect to the Advance requested hereby.

Borrower has performed and complied with all agreements and conditions required under Article IV of the Credit Agreement to be performed or complied with by it on or prior to the funding of the Advance requested hereby.

There have been no modifications to reimbursement rates or other contractual arrangements that would adversely affect the valuation or collectability of the Accounts. There are no offsets, setoffs, counterclaims, disputes or defenses of any kind from any Account Debtor against any Account classified as an Eligible Receivable. All Accounts classified as Eligible Receivables and Ineligible Receivables in this Borrowing Base Certificate are properly so classified.

The Borrower has directed all Account Debtors to deliver all payments on the Accounts to the proper Controlled Deposit Account (including any Lockbox Account) as specified in the Credit Agreement and has identified such Controlled Deposit Account as the account to which all payments are to be sent on all invoices for Accounts with Dates of Service after the date of the Credit Agreement. All Accounts reflected in the Borrower's most recently submitted Accounts Receivable Aging Report are the subject of properly and validly billed invoices for services provided and goods sold by the applicable Borrower in the ordinary course of business. The aging buckets in this Borrowing Base Certificate reflect the number of days the Accounts have been outstanding subsequent to their respective Dates of Service. All collections on Accounts have been applied to the proper invoices resulting in accurate aging totals for each aging bucket. There are no known duplicate or fictitious claims or invoices included in the Accounts. The Borrower has not diverted or permitted to be diverted any such payments on Accounts to a deposit account other than the proper Controlled Deposit Account as required by Section 2.5 of the Credit Agreement. No collections on Accounts have been received that have not been applied to reduce the Accounts.

Records regarding all Inventory are maintained on a perpetual inventory system, and all Inventory reflected in the Borrower's most recently submitted inventory report is bona fide Inventory, saleable in the ordinary course of Borrower's business. All such Inventory is owned by Borrower and is in Borrower's possession. There are no known duplicate or fictitious items included in the Inventory. All Inventory included in the Borrowing Base is either: (i) held by Borrower free and clear of all liens and encumbrances by vendors of such Inventory; or (ii) subject to a Subordination Agreement between Lender, Borrower and the vendor of any such Inventory.

All Accounts owned by the undersigned, free and clear of all liens, security interests, claims, charges, or trusts, legal or equitable, now existing or which might arise with the passage of time, other than as set forth in the Credit Agreement.

The Borrower has deposited all state and federal payroll withholding taxes required with respect to each payroll period through the most recent payroll period.

After CNH makes the Advance requested hereby, the aggregate amount of the Loan will not exceed the Revolving Loan Limit.

Signed:
Name: *[signature]*
Date: July 18, 2019

**EXHIBIT B**
DEFENDENTS_017075