IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| KEITH REED, ELIZABETH SCHENKEL, EMILY WINES, MARK GARAN, and AUGUST ULLUM, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALECTO HEALTHCARE SERVICES LLC, and ALECTO HEALTHCARE SERVICES WHEELING, LLC d/b/a OHIO VALLEY MEDICAL GROUP and d/b/a OVMC PHYSICIANS,<br><br>Defendants. | Case No. 5:19-cv-00263<br><br>Judge John Preston Bailey<br><br>CLASS ACTION |

**PLAINTIFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SERVICE AWARDS AND CIVIL PENALTIES PURSUANT TO 29 U.S.C. § 2104(a)(3)**

**I. INTRODUCTION**

Plaintiffs move for a service award for each Class Representative in the amount of $15,000.00 to compensate them for their service in pursuing this class action to judgment. A service award is justified in this case given the Class Representatives' willingness and efforts in pursuing the case on behalf of the Class. Additionally, Plaintiffs move for a civil penalty, payable to the City of Wheeling, in the amount of $13,500.00, pursuant to 29 U.S.C. § 2104(a)(3). A civil penalty is clearly warranted here under the plain language of the WARN Act.

**II. DISCUSSION**

A.    **The Class Representatives Are Entitled to a Service Award of $15,000.00.**

"Class members who serve as named plaintiffs, or class representatives, in class actions often have their service acknowledged by a court-approved 'incentive award.'" 4 William B. Rubsentein, et al, *Newberg on Class Actions* § 11.38. "[C]ourts regularly approve such awards,

reasoning that class representatives take on risks and perform services that benefit the class." *Id.*; *Acevedo v. Workfit Med. LLC*, 187 F. Supp. 3d 370, 384 (W.D.N.Y. 2016) ("Incentive awards are not uncommon in class action cases . . . ."). "Awards are generally sought after a settlement or verdict has been achieved." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). "Serving as a class representative is a burdensome task and it is true that without class representatives, the entire class would receive nothing." *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 768 (S.D.W. Va. 2009). The decision whether to award a service fee to the Class Representatives is within the sound discretion of the Court. *See, e.g.*, *Rodriguez*, 563 F.3d at 958; *Acevedo*, 187 F. Supp. 3d at 384.

The following factors are appropriate for the Court's consideration in determining whether a service award is justified in this case:

> The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery." "[Incentive] awards are particularly appropriate in the employment context. In employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers."

*Acevedo*, 187 F. Supp. 3d at 384 (citations omitted). *See also Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation."); *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 483 (D. Md. 2014).

All of the named Plaintiffs are former employees of the Defendant, who have lent their names for the benefit of the class as a whole. The Class Representatives have actively participated in the litigation, have been deposed, and have responded to written discovery. The named Plaintiffs have attended hearings and incurred significant time and effort in assisting the prosecution of the litigation. The burden on these Class Representatives is further supported by the fact that two of the initial Class Representatives withdrew as named Plaintiffs as a consequence of the time and effort required of them. [*See* ECF Doc. ## 107 (Dismissal of Christina Lucas), 139 (Dismissal of Lisa Dolence).]

Most importantly, the Court should provide the Class Representatives with a service award in light of the recovery obtained. The Plaintiffs obtained summary judgment on liability, which will result in twenty-seven days' wages for the entire class. The result in the case is extraordinary, and such a recovery justifies an incentive award.

While some courts have expressed reservations about service awards, none of the factors causing such reluctance are present here. *See Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) ("[A]pplications for incentive awards are scrutinized carefully by courts who sensibly fear that incentive awards may lead named plaintiffs to expect a bounty for bringing suit or to compromise the interest of the class for personal gain."). The requested service awards would not come from the damages awarded to the class members, but rather from an additional payment from the Defendants. And because there was no settlement, there is no fear the named Plaintiffs exchanged service awards at the expense of the Class's recovery.

Moreover, this case is distinguishable from *Hadix*, in which the United States Court of Appeals for the Sixth Circuit upheld a district court's denial of an application for a service award. In *Hadix*, the parties agreed to a consent decree, but not incentive awards for the named plaintiff.

3

The court in *Hadix* concluded it would be an abuse of discretion to increase the financial obligation of the settling defendants beyond that to which it agreed. *Id.* at 899 ("Forcing the defendants to pay the incentive award is certainly an additional expenditure, and it is therefore impermissible.").

Finally, incentive awards of $15,000 are appropriate here, and are consistent with awards approved in federal court in West Virginia. *See, e.g.*, *Kay Co. v. Equitable Prod. Co.*, 749 F. Supp. 2d 455, 473 (S.D.W. Va. 2010) (approving $15,000 service award where named plaintiffs had not been deposed or participated in written discovery); *Jones*, 601 F. Supp. 2d at 768 (same).

**B.     Defendants Should Pay $13,500.00 in Civil Penalties to the City of Wheeling.**

The WARN Act requires notice not only to the employees, but also the appropriate unit of local government and the state dislocated worker unit. *See* 29 U.S.C. § 2102(a)(2). Additionally, the WARN Act requires Defendants to pay the City of Wheeling $500 a day for each day of the violation period. 29 U.S.C. § 2104(a)(3) ("Any employer who violates the provisions of section 2102 of this title with respect to a unit of local government shall be subject to a civil penalty of not more than $500 for each day of such violation . . . ."). The Court ruled the notice Defendants provided in this case – which was the same to the employees and the City of Wheeling – was defective and untimely, resulting in a violation period of twenty-seven days. (Order at 1 (Aug. 25, 2022) [ECF Doc. # 198].) By the plain language of the WARN Act, the Court may award up to $500 per day, payable to the City of Wheeling, for Defendants' violation.

Defendants' contention that Plaintiffs may not enforce these provisions of WARN Act is without merit. In the reported case in which a court found there to be no private right of action to assert violations of 29 U.S.C. § 2102(a)(2), the court concluded that employees had received timely adequate notice required by the WARN Act, and therefore lacked standing to seek penalties for inadequate notice to the unit of local government. *See Marques v. Telles Ranch, Inc.*, 131 F.3d

4

1331, 1335 (9th Cir. 1997). Here it has been conclusively determined by the Court that the notice was untimely to the employees and the City of Wheeling. Accordingly, Defendants should be required to pay the City of Wheeling $13,500.00.

### III. CONCLUSION

Plaintiffs respectfully request that this Court award each of the Class Representatives $15,000.00 in incentive, service awards and order Defendants to pay $13,500 in civil penalties to the City of Wheeling.

Respectfully submitted,

/s/ Bren J. Pomponio

| | |
|---|---|
| Timothy F. Cogan, Esq. (WVSB # 764) | Bren Pomponio, Esq. (WVSB # 7774) |
| tfc@walslaw.com | bren@msjlaw.org |
| **Cassidy, Cogan, Shapell & Voegelin, LC** | **Mountain State Justice, Inc.** |
| The First State Capitol Building | 1217 Quarrier Street |
| 1413 Eoff Street | Charleston, WV 25301 |
| Wheeling, WV 26003 | T.: (304) 344-3144 |
| T.: (304) 232-8100 | |
| | Maureen Davidson-Welling, Esq. (*pro hac vice*) |
| F. Alex Risovich, Esq. (WVSB # 10866) | mdw@stembercohn.com |
| alex.risovich@risovichlaw.com | John Stember, Esq. (*pro hac vice*) |
| **Risovich Law Offices, PLLC** | jstember@stembercohn.com |
| 3023 Pennsylvania Avenue | **Stember Cohn & Davidson-Welling, LLC** |
| Weirton, WV 26062 | The Hartley Rose Building |
| T.: (304)723-2588 | 425 First Avenue, 7th Floor |
| F.: (304)723-2504 | Pittsburgh, PA  15219 |
| | T.: (412) 338-1445 |
| Dated:  November 4, 2022 | *Attorneys for Plaintiffs* |