IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH REED, ELIZABETH SCHENKEL,
EMILY WINES, MARK GARAN, and
AUGUST ULLUM, individually and on behalf of
others similarly situated,

                Plaintiffs,              Case No. 5:19-cv-00263

v.                                    Judge John Preston Bailey

ALECTO HEALTHCARE SERVICES LLC, and
ALECTO HEALTHCARE SERVICES
WHEELING, LLC d/b/a OHIO VALLEY
MEDICAL GROUP and d/b/a OVMC
PHYSICIANS,
                Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REOPEN CASE

Defendant Alecto Healthcare Services LLC ("Alecto") and Alecto Healthcare Services Wheeling, LLC (Alecto and Alecto Healthcare Services Wheeling, LLC are collectively referred to as "Defendants") respectfully request the Court deny Plaintiffs' Motion to Reopen Case (the "Motion") because there is no good cause to reopen the case. There is no legal basis for Plaintiffs' suggestion that this Court "approve" a bankruptcy court decision, and reopening the case would violate the automatic stay and the plan injunction. Reopening this case is also useless. The bankruptcy court's decision is binding on Alecto and Plaintiffs and accorded full res judicata effect. As more fully explained below, the Court should deny the Motion:

### BACKGROUND

1.      On May 11, 2023, this Court entered judgment against Defendants. J. Order, ECF No. 230. On May 28, 2024, this Court dismissed the action without prejudice subject to reopening for good cause. Order, ECF No. 236.

2. On June 16, 2023, Alecto filed a bankruptcy petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Plaintiffs submitted a claim in response to Alecto's petition.

3. On December 4, 2023, the Bankruptcy Court denied Plaintiff's objection to Alecto's designation of the bankruptcy case as a Subchapter V Case and motion to revoke that designation. On April 4, 2024, the Bankruptcy Court entered, over Plaintiffs' objections, Findings of Facts and Conclusions of Law Confirming Alecto's Small Business Plan of Reorganization ("Plan"). Ex. A. Specifically, the Plan and the Court's Order both contained the following provision.

> <u>68. Injunction</u>.  Except with respect to the obligations arising under the Plan or the Confirmation Order, and except as otherwise expressly provided in the Plan or the Confirmation Order, all Entities that held, hold, or may hold claims or interests that have been discharged, released or exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind on account of or in connection with or with respect to any such claims or interests unless the discharged, released or exculpated party timely asserts a setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.  Further, all entities shall be precluded from asserting against the property to be distributed pursuant to this plan any other claims or equity interests based upon any documents, instruments or any act or omission, transaction or other activity of any kind or nature that occurred before the Effective Date.

Ex. A at 20 (the "Plan Injunction").

4. Plaintiffs appealed the Bankruptcy Court's decisions to the United States District Court for the District of Delaware, which affirmed the Bankruptcy Court's decisions. On May 6,

2025, Plaintiffs appealed the district court's order with the United States Court of Appeals for the Third Circuit. Notice of Appeal, *In re: Alecto Healthcare Services LLC*, No. 25-1853 (3rd Cir. May 6, 2025), ECF No. 1.

## **ARGUMENT**

5. The Court should deny the Motion because there is no good cause to reopen this case. There is no legal basis for Plaintiffs' belief that a "distribution less than the full amount of the Judgment should be approved by this Court." Motion ¶ 12, ECF No. 238. To the contrary, reopening this case would violate the automatic stay and the Plan Injunction. Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings, ECF No. 233; Ex. A at 20. The Bankruptcy Court's orders, which Plaintiffs have appealed to the United States Court of Appeals for the Third Circuit, are already binding on the parties under res judicata. There is no cause–let alone a good cause–for this Court to reopen this case.

6. There is no legal basis for Plaintiffs' belief that this Court must "approve" the Bankruptcy Court's decisions. The Federal Rules of Civil Procedure provide "claims, issues, or defenses of a certified class — or a class proposed to be certified for purposes of settlement — may be *settled, voluntary dismissed, or compromised* only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). The Bankruptcy Court's decisions are not a "settle[ment], voluntary dismiss[al], or compromise[]" of class claims that require the Court's approval. *Id.*

7. Putting aside the automatic stay and clear and unambiguous Plan Injunction which is binding upon the Plaintiffs, there is also no need to reopen this case. The Bankruptcy Court's orders are already binding on Plaintiffs and Alecto without the need for this Court's approval. *In re Mersmann*, 505 F.3d 1033 (10th Cir. 2007) (confirmed plan binds the debtor and each creditor, which "serves the same purpose as the general doctrine of res judicata"); *In re Heritage Hotel*

3

*Partnership I*, 160 B.R. 374, 377 (9th Cir. B.A.P. 1993), aff'd 59 F.3d 175, 1995 WL 369528 (9th Cir. 1995) ("It is now well-settled that a bankruptcy court's confirmation order is a binding, final order accorded full res judicata effect …"); *In re Space Bldg. Corp.*, 206 B.R. 269, 272-73 (D. Mass 1996) ("The Order of Confirmation of the Bankruptcy Court has binding effect and is res judicata.").

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny the Motion.

/s/ Mitchell J. Rhein
Kevin L. Carr (WV Bar # 6872)
Chelsea E. Thompson (WV Bar #12565)
Mitchell J. Rhein (WV Bar # 12804)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East
Charleston, WV  25301
Telephone: 304.340.3800
Fax: 304.340.3801
E-mail: kcarr@spilmanlaw.com
E-mail: cthompson@spilmanlaw.com
E-mail: mrhein@spilmanlaw.com

Michael S. Garrison (WV Bar # 7161)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800 (Zip: 26501)
P. O. Box 615
Morgantown, WV 06507-0615
Telephone: 304.291.7920
Fax: 304.291.7979
E-mail: mgarrison@spilmanlaw.com
*Attorneys for Defendants Alecto Healthcare Services LLC and Alecto Health Care Services Wheeling, LLC*

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEITH REED, ELIZABETH SCHENKEL,**
**EMILY WINES, MARK GARAN, and**
**AUGUST ULLUM, individually and on behalf of**
**others similarly situated,**

                     **Plaintiffs,**                     **Case No. 5:19-cv-00263**

      v.                                             **Judge John Preston Bailey**

**ALECTO HEALTHCARE SERVICES LLC, and**
**ALECTO HEALTHCARE SERVICES**
**WHEELING, LLC d/b/a OHIO VALLEY**
**MEDICAL GROUP and d/b/a OVMC**
**PHYSICIANS,**

                  **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

      I certify that, on June 27, 2025, I served **Defendant Alecto's Response to Plaintiffs' Motion to Reopen** on the parties via filing with CM/ECF, which will send notification of to the following:

| | |
|---|---|
| Timothy F. Cogan, Esquire<br>tfc@walslaw.com<br>Cassidy, Cogan, Shapell & Voegelin, L.C.<br>The First State Capitol Building<br>1413 Eoff Street<br>Wheeling, WV  26003<br><br>Laura Davidson, Esquire<br>laura@ourfuturewv.org<br>Bren Pomponio, Esquire<br>bren@msjlaw.org<br>Mountain State Justice, Inc.<br>1217 Quarrier Street<br>Charleston, WV  25301 | Vincent J. Mersich, Esquire<br>vmersich@stembercohn.com<br>Maureen Davidson-Welling, Esquire<br>mdw@stembercohn.com<br>John Stember, Esquire<br>jstember@stembercohn.com<br>Stember Cohn & Davidson-Welling, LLC<br>The Hartley Rose Building<br>425 First Avenue, 7th Floor<br>Pittsburgh, PA  15219<br><br>F. Alex Risovich, Esquire<br>alex.risovich@risovichlaw.com<br>Risovich Law Offices, PLLC<br>3023 Pennsylvania Avenue<br>Weirton, WV  26062 |

                                                <u>/s/ Mitchell J. Rhein</u>
                                                Mitchell J. Rhein (WV Bar # 12804)