# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**KEITH REED,**
**ELIZABETH SCHENKEL,**
**EMILY WINES, MARK GARAN,**
**CHRISTINA LUCAS,** and **AUGUST ULLUM, II,**
individually and on behalf of others similarly situated,

        Plaintiffs,

v.                         **CIVIL ACTION NO. 5:19-CV-263**
                                 Judge Bailey

**ALECTO HEALTHCARE SERVICES, LLC,** and
**ALECTO HEALTHCARE SERVICES**
**WHEELING, LLC,** d/b/a Ohio Valley Medical
Group d/b/a OVMC Physicians,

        Defendants.

## ORDER

Pending before this Court is Plaintiffs' Motion to Reopen [Doc. 238], filed August 26, 2024. This Court directed defendants to file a Response, which was filed on June 27, 2025. *See* [Docs. 239 & 240].

In the Motion, plaintiffs state they "believe any distribution less than the full amount of the Judgment should be approved by this Court" and move to reopen this case and have the case remain on this Court's active docket pending resolution of plaintiffs' claims in the United States District Court and Bankruptcy Court for the District of Delaware. [Doc. 238 at ¶ 12].

A brief recitation of the relevant procedural history is warranted:

1. On November 28, 2022, this Court entered judgment in favor of the Class. *See* [Doc. 230].

2. Over thirty (30) days passed after the Judgment Order was entered and defendants did not file a Notice of Appeal.

3. Plaintiffs and defendants engaged in discussions regarding satisfaction of the Judgment Order. Those discussions ultimately broke down and Class Counsel began working to execute the Judgment Order.

4. On June 16, 2023, Alecto Healthcare Services, LLC ("Alecto") filed a voluntary petition for bankruptcy pursuant to Title 11, Subchapter V of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), No. 23-10787 (JKS).

5. Class Counsel engaged bankruptcy counsel licensed in Delaware to represent the Class in enforcement of the Judgment Order in the bankruptcy proceedings. Counsel for the Class, known in the bankruptcy proceedings as the Reed Judgment Creditors, submitted a claim and began actively litigating in the Bankruptcy Court in an effort to vigorously enforce the Judgment Order.

6. On December 4, 2023, the Bankruptcy Court denied the Reed Judgment Creditors' objection to Alecto's designation of the bankruptcy case as a Subchapter V Case and motion to revoke that designation.

7. On April 4, 2024, the Bankruptcy Court entered, over the Reed Judgment Creditors' objections, Findings of Facts and Conclusions of Law Confirming Alecto's Small Business Plan of Reorganization (the "Plan"). *See* [Doc. 240-1].

8.   Specifically, the Plan and the Bankruptcy Court's Order both contained the following provision:

> 68. <u>Injunction</u>. Except with respect to the obligations arising under the Plan or the Confirmation Order, and except as otherwise expressly provided in the Plan or the Confirmation Order, all Entities that held, hold, or may hold claims or interests that have been discharged, released or exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind on account of or in connection with or with respect to any such claims or interests unless the discharged, released or exculpated party timely asserts a setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan. Further, all entities shall be precluded from

> asserting against the property to be distributed pursuant to this plan any other claims or equity interests based upon any documents, instruments or any act or omission, transaction or other activity of any kind or nature that occurred before the Effective Date.

[Id. at 21].

9. On May 28, 2024, this Court dismissed this action without prejudice subject to reopening for good cause. *See* [Doc. 236].

10. The Reed Judgment Creditors appealed the Bankruptcy Court's decisions to the United States District Court for the District of Delaware, which affirmed the Bankruptcy Court's decision.

11. On May 6, 2025, the Reed Judgment Creditors appealed the district court's order with the United States Court of Appeals for the Third Circuit. ***In re: Alecto Healthcare Services LLC,*** No. 25-1853 (3rd Cir. May 6, 2025) [Doc. 1].

This Court finds no good cause to reopen this case. The Bankruptcy Court's Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings [Doc. 233] and the Plan [Doc. 240-1], which plaintiffs have appealed to the United States Court of Appeals for the Third Circuit, are already binding on the parties under res judicata. ***In re Mersmann***, 505 F.3d 1033, 1047 (10th Cir. 2007) (confirmed plan binds the debtor and each creditor, which "serves the same purpose as the general doctrine of res judicata"); ***In re Heritage Hotel Partnership I***, 160 B.R. 374, 377 (9th Cir. B.A.P. 1993), *aff'd* 59 F.3d 175, 1995 WL 369528 (9th Cir. 1995) ("It is now well-settled that a bankruptcy court's confirmation order is a binding, final order, accorded full *res judicata* effect. . . ."); ***In re***

4

*Space Bldg. Corp.*, 206 B.R. 269, 272–73 (D. Mass. 1996) ("The Order of Confirmation of the Bankruptcy Court has binding effect and is res judicata.").

Accordingly, both the Notice [Doc. 233] and the Plan [Doc. 240-1] remain binding on all parties regardless of whether this Court takes any further action.

Moreover, plaintiffs' assertion that this Court must "approve" the Bankruptcy Court's decisions is legally unsupported. While Rule 23(e) of the Federal Rules of Civil Procedure provides that "claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be *settled, voluntarily dismissed, or compromised* only with the court's approval," that rule does not apply here. Fed. R. Civ. P. 23(e) (emphasis added). The Bankruptcy Court's confirmation of the Plan does not constitute a settlement, voluntary dismissal, or compromise of class claims requiring this Court's approval.

Thus, this Court **DENIES** Plaintiffs' Motion to Reopen [**Doc. 238**].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: July 1, 2025.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE